**David BARNES, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 919–90.

Court of Criminal Appeals of Texas, En Banc.

Dec. 11, 1991.

Rehearing Denied Feb. 12, 1992.

Odis R. Hill, Longview, for appellant.

David Brabham, Dist. Atty., C. Patrice Savage, Asst. Dist. Atty., Longview, and Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant, David Barnes, was convicted by a jury of theft by a public servant,

V.T.C.A., Penal Code Sec. 31.03(a), (b)(1), (e)(2)(A), and (f)[1]. Punishment was assessed at a fine of $200.[2] The Court of Appeals reversed and entered a judgment of acquittal, holding "reasonable jurors could not have found beyond a reasonable doubt that the offense was committed within the period of limitation fixed by Articles 12.02 and 12.04, Tex.Code Crim.Proc. Ann."[3] *Barnes v. State*, 824 S.W.2d 585, at 588 (Tex.App.—Tyler 1990). We granted the State's petition for discretionary review to determine when the offense was committed for the purposes of commencing the statute of limitations and, to determine whether the statute of limitations barred the prosecution of appellant for the offense of theft. We will affirm the judgment of the Court of Appeals.

Appellant was employed by Gregg County as Building Superintendent beginning in 1975. His responsibilities included purchasing of maintenance equipment. On February 8, 1985, appellant sought approval to purchase a new riding mower. An old Snapper riding mower was to be traded in for credit on the new purchase. However, even though appellant signed a sworn affidavit, pursuant to the county purchasing procedure, stating "that all just and lawful offsets, payments and creditures have been allowed ...", the old mower was never credited as a trade-in on the new one. In fact, on February 25th, 1985, when appellant made the deal with Glen Askew to purchase the new mower, the old mower trade in was not discussed. After appellant had already picked up the new mower and had possession of it, he addressed a signed a letter, dated March 4, 1985, to the County Judge and Commissioners requesting that the old Snapper mower be deleted from the county inventory list because the item was "a trade-in on the new Snapper mower recently purchased".

The minutes of the Commissioners Court meeting on March 11, 1985, show that the judge approved the deletion of the old Snapper from the county inventory list. However, the mower was not traded in and the county did not receive any credit for it. Appellant testified that after March 11, 1985, he did offer the mower to Glynn Askew, but Askew did not have room for the mower nor the time to repair it for resale. Appellant then testified that after Askew turned down the old mower as a trade-in, he took it to his home. There is no evidence in the record to indicate that appellant ever notified the Commissioners Court that the trade-in did not take place. He eventually replaced the motor in the old mower and used it up until November 6, 1987, when it was taken by the Sheriff's Office.

The indictment was returned on April 27, 1988. At trial, appellant was denied his motion for an instructed verdict on his contention that the 2 year statute of limitations for a misdemeanor had expired. Additionally, the trial court denied appellant's motion for rehearing. The Court of Appeals reversed the trial court and entered a judgment of acquittal. The appellate court believed that the denial of appellant's motion for instructed verdict was error. We agree.

■ The state's contention that theft should be construed as a continuing offense, requires us to consider an issue of first impression. We must decide, for the purpose of triggering the statute of limitations, when a theft is complete. The state would have us find that due to the definition of "appropriate" found at V.T.C.A.,

---

**1.** § 31.03(f)(1) sets out: "An offense described for purposes of punishment by Subsection (e) of this section is increased to the next higher category of offense if it is shown on the trial of the offense that the actor was a public servant at the time of the offense. Appellant was charged with theft of property which had a value of $20 or more but less than $200, a Class B misdemeanor. Under § 31.03(f)(1), this was enhanced to a Class A misdemeanor by virtue of appellant's status as a public servant.

**2.** See V.T.C.A., Penal Code § 12.21.

**3.** Art. 12.02 sets out: "An indictment or information for any misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward."

Penal Code § 31.01(5)(B) [4], a theft offense could be prosecuted as a continuing offense. In other words, every day a defendant exercised control over stolen property would represent a separate, completed theft for the purpose of tolling the statute of limitations. The effect of such a finding would be that no statute of limitations would apply to a theft offense as long as the actor "otherwise exercised control over" the stolen article. Finding no precedent controlling this issue within our own jurisdiction, we have looked to other jurisdictions for guidance.

■ Generally, when each of the elements of a crime have occurred, the crime is complete. *United States v. Smith,* 740 F.2d 734, at 736 (9th Cir.1984). That is not to say that it is not within the authority of the legislature to create an offense which is continuing in nature. However, to borrow from Justice Black,

> "the doctrine of continuing offenses should be applied in only limited circumstances.... such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion or the nature of the crime is such that congress must assuredly have intended that it be treated as a continuing one."

*Toussie v. United States,* 397 U.S. 112, at 115, 90 S.Ct. 858, at 860, 25 L.Ed.2d 156, at 161 (1970).[5] For example, the Texas legislature explicitly designated the offense of Engaging in Organized Criminal Activity as a continuing offense. See V.T.C.A., Penal Code § 71.03(4). However, they did not designate the theft statute as that type of an offense.

The state attempted, here, to interpret the theory of appropriation set out in V.T.C.A., Penal Code § 31.01(5)(B) as a designation of theft as a continuing offense. In doing so it has misinterpreted that section. We have previously alluded to the fact that V.T.C.A., Penal Code, § 31.-01(5)(B), providing that appropriation may be accomplished by "exercise of control over property other than real property", can be used to eliminate evidentiary problems surrounding acquisition of stolen articles. *Thomas v. State,* 753 S.W.2d 688, at 690 (Tex.Cr.App.1988). However, we have never construed that section as an invitation to turn theft into a continuing offense and we decline to do so now. To do so would be to usurp the authority of the legislature in an area controlled exclusively by it. The explicit language of the statute does not compel such a conclusion and the nature of theft is not such that the legislature must have intended it to be treated as continuing. See *Toussie, supra.*

■ Additionally, as a result of the aforementioned facts, which are supported in the record, the Court of Appeals' finding that "reasonable jurors could not have found beyond a reasonable doubt that the offense was committed within the period of limitation" was not clearly erroneous. The state had the burden to establish beyond a reasonable doubt that the offense occurred within the statute of limitations.[6] However, there was uncontradicted evidence in the record which clearly created reasonable doubt, i.e., evidence that appellant had the requisite intent to appropriate the mower, along with the other elements of theft, in mid-march of 1985.

Since in the instant case the Court of Appeals was not clearly erroneous, in finding that "reasonable jurors could not have concluded beyond a reasonable doubt that the offense was committed within the period of limitations," we will not disturb its judgment. We agree with the judgment of the Court of Appeals and hold that for the purpose of commencing the statute of limitations, an offense is committed upon the initial coalescence of the alleged elements. Specifically, theft by exercising control is

---

**4.** Appropriate is defined as: "to acquire or otherwise exercise control over property other than real property."

**5.** See also: *State v. Lawrence,* 312 N.W.2d 251 (Minn.1981); *People v. Barnes,* 130 Misc.2d 1058, 499 N.Y.S.2d 343 (N.Y.Sup.Ct.1986).

**6.** *Vasquez v. State,* 557 S.W.2d 779 (Tex.Crim. App.1977); *Donald v. State,* 165 Tex.Crim. 252, 306 S.W.2d 360 (App.1957).

committed and the statute of limitations commences once possession of the property becomes unlawful. In the instant case, the state did not meet its burden of proving beyond a reasonable doubt that the offense was committed within the period of limitations and therefore, the appellant is entitled to acquittal.

The judgment of the Court of Appeals is affirmed.

McCORMICK, P.J., and CAMPBELL, J., concur in the result.