The STATE of Texas, Appellant,

v.

ONE 1985 CHEVROLET, Appellee.

No. 05–91–00742–CV.

Court of Appeals of Texas,
Dallas.

March 27, 1992.

Rehearing Denied May 1, 1992.

Lisa A. Moye, Dallas, for appellant.

William McGarvey, Dallas, for appellee.

Before BAKER, KINKEADE and CHAPMAN, JJ.

KINKEADE, Justice.

The State appeals the trial court's summary judgment in favor of Margarita DeAlmanza, the owner of the 1985 Chevrolet. In six points of error, the State argues that the trial court erred in granting DeAlmanza's motion for summary judgment and in denying the State's motion for summary judgment. Because DeAlmanza used her pickup in the commission of the felony theft, we reverse the trial court's summary judgment and render judgment in favor of the State.

## FACTUAL AND PROCEDURAL HISTORY

Police received information that Margarita DeAlmanza was operating a fencing operation out of her residence. Pursuant to that information, Farmers Branch Police Officer J. Delgado in an undercover capacity with a confidential informant went to DeAlmanza's residence to sell her eleven items of property. She agreed to buy the eleven items of property, which the officer explicitly represented to be stolen, for $300. DeAlmanza gave the officer $150 and told him to come back later for the rest of the money. She told the officer that she intended to sell the items to her brother-in-law in order to get the rest of the money. Officer Delgado and the confidential informant helped unload the eleven items into DeAlmanza's residence. Pursuant to DeAlmanza's request, the officer and the informant then loaded several items that she had bought the night before and four of the just-purchased items into DeAlmanza's pickup truck, "the 1985 Chevrolet." The officer and the informant then left. The officer called his supervisor, told him that a sale had occurred, and requested that the search warrant be signed. When the officer returned to the residence fifteen minutes later, DeAlmanza and her truck were gone.

Two or three minutes after Officer Delgado and the informant left DeAlmanza's residence, Farmers Branch Police Officer G. Reese observed DeAlmanza leave in her pickup. Officer Reese followed DeAlmanza until he heard over his radio that the judge had signed an arrest warrant. He then stopped and arrested her. An inventory search revealed nine stolen items in the pickup, including four items Officer Delgado had sold to DeAlmanza. DeAlmanza pleaded guilty to the offense of theft of property valued over $750.

The State filed a forfeiture action against the pickup truck DeAlmanza used to transport the stolen items. DeAlmanza owns the vehicle free of any liens. The trial court overruled the State's first motion for summary judgment. Subsequently, DeAlmanza filed a motion for summary judgment and the State filed a response to her motion. After a hearing, the trial court granted DeAlmanza's motion for summary judgment, which stated that the pickup was not contraband subject to forfeiture under Texas Code of Criminal Procedure Chapter 59.

## SUMMARY JUDGMENT

■ Summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 413 (Tex.1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

■ Under rule 166a, both plaintiff and defendant may simultaneously move for summary judgment. When both parties move for summary judgment, each party must carry its own burden, and neither can prevail because of the failure of the other to discharge its burden. *Cove Inv., Inc. v. Manges*, 602 S.W.2d 512, 514 (Tex. 1980). To prevail on a summary judgment, a plaintiff must conclusively prove all of the elements of the cause of action as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); TEX.R.CIV.P. 166a. In contrast, a defendant as movant must either (1) disprove at least one element of each of the plaintiff's theories of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). Since both parties moved for summary judgment, this Court considers all evidence accompanying both motions in determining whether to grant either party's motion. *Edinburg Consol. I.S.D. v. St. Paul Ins. Co.*, 783 S.W.2d 610, 612 (Tex.App.—Corpus Christi 1989, writ denied). After determining all questions presented, this Court may reverse the trial court's judgment and render the judgment the trial court should have rendered, including rendering judgment for the other movant. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

### State's Motion for Summary Judgment

■ In its sixth point of error, the State contends that the trial court erred in denying its motion for summary judgment. The State argues that because DeAlmanza used her pickup in the commission of an offense it was subject to forfeiture pursuant to chapter 59 of the Texas Code of Criminal Procedure as a matter of law.

Both parties agree to the same facts in this case. They disagree, however, on whether DeAlmanza used her pickup truck in the commission of the offense, which makes the truck subject to forfeiture. This Court must decide what the legislature intended when it enacted the statutes involved. Then we must effectuate that intent. *See Patterson v. State*, 769 S.W.2d 938, 940 (Tex.Crim.App.1989).

DeAlmanza was charged with, pleaded guilty to, and was convicted of, felony theft under chapter 31 of the Texas Penal Code. *See* TEX.PENAL CODE ANN. § 31.03(a) & (b)(3) (Vernon 1989). Article 59.02 of the Texas Code of Criminal Procedure Article provides that, "[p]roperty that is contraband is subject to seizure and forfeiture under this chapter." TEX.CODE CRIM.PROC.ANN. art. 59.02(a) (Vernon Supp.1992). Article 59.01 of the Texas Code of Criminal Procedure further defines contraband to mean "property of any nature, including real, personal, tangible, or intangible, that is *used in the commission of* any felony under Chapters 29, 30, 31, or 32, Penal Code." TEX.CODE CRIM.PROC.ANN. art. 59.01(2)(A)(ii) (Vernon Supp.1992) (emphasis added). Article 1.26 of the Texas Code of Criminal Procedure mandates that we liberally construe the code "so as to attain the objects intended by the Legislature: The prevention, suppression and punishment of crime." TEX. CODE CRIM.PROC.ANN. art. 1.26 (Vernon 1977). Under the rules of statutory construction, we must presume that:

(1) the legislature never does a useless act, *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 551 (Tex. 1981),

(2) words in a statute should be given their plain meaning, TEX.GOV'T CODE ANN. § 311.011 (Vernon 1988), and

(3) the legislature intends a just and reasonable result. Tex.Gov't Code Ann. § 311.021 (Vernon 1988).

"Use" means "to make use of, to convert to one's service, to avail one's self of, to employ." Black's Law Dictionary 1381 (5th ed. 1979). "Use" is commonly employed to describe conduct in which the verb's object, in this case "property," is utilized in order to achieve a purpose. *See Patterson,* 769 S.W.2d at 941. In other words, "used in the commission of" in this instance means that the pickup truck was contraband if it was property utilized or employed in order to achieve the felony theft. *See Patterson,* 769 S.W.2d at 941.

DeAlmanza completed the necessary elements of felony theft the minute she took possession of the stolen property from the officer. *See Rider v. State,* 567 S.W.2d 192, 196 (Tex.Crim.App.1978). In some instances, this fact alone would put an end to any further inquiry. For example, the Texas Court of Criminal Appeals recently held that *"for the purpose of triggering the statute of limitations,"* a theft is complete once each element of the crime has occurred. *Barnes v. State,* 824 S.W.2d 560 (Tex.Crim.App.1991) (emphasis added). *Barnes* merely defines only for the purpose of the statute of limitations when the elements of theft are perfected. It does not address at what time the offense terminates for the purposes of chapter 59. To use *Barnes* as controlling authority, under the facts of this case, would render the legislature's enactment of section 59.02 a useless act. We would have to strictly construe "used in the commission of" to mean *during the actual performance of the penal code elements,* and anything not actually used *during* the performance of these elements would not be forfeitable under chapter 59. Theft, because of the nature of the actual crime, would leave little, if anything, subject to forfeiture. To prevent the enactment of chapter 59 from being a useless act in regard to theft, the legislature, therefore, must have intended that "used in the commission of" have a broader meaning than that set forth in *Barnes.*

Modern forfeiture statutes are designed to take from the wrongdoer the fruits of the offense or the property used in the commission of or to facilitate the offense. *See One 1983 Toyota Silver Four–Dour Sedan v. State,* 168 Ariz. 399, 814 P.2d 356, 360 (Ct.App.1991). Logic, therefore, indicates that the legislature in the instance of theft intended at a minimum to include within the meaning of "used in the commission of" the means used to transport the stolen property away from the offense's location. In this case, DeAlmanza used the truck to transport the stolen property away from the offense's location. Her purpose for transporting the stolen goods was to sell them so that she could finish paying for them. Because DeAlmanza used her pickup to transport stolen goods from the offense's location, the State established as a matter of law that she used the pickup in the commission of the offense. We sustain the State's sixth point of error.

Because of our disposition of the State's sixth point of error, we need not reach the State's remaining points of error concerning the trial court's granting of DeAlmanza's motion for summary judgment. We reverse the trial court's summary judgment and render judgment in favor of the State.

BAKER, J., dissents.

BAKER, Justice, dissenting.

In the majority's libretto, the fat lady does not get to sing because an opera is never over. The majority acknowledges DeAlmanza completed the necessary elements of theft when she took possession of the stolen property from the officer. *See* majority at 781. The majority narrowly interprets *Barnes,* inappropriately interprets a clear and unambiguous statute, and impermissibly adds language to that statute. The majority determines the legislature in theft offenses intended at a minimum to include within the meaning of "used in the commission of" the means used to transport stolen property away from the offense's location. The majority then concludes because DeAlmanza used her pickup to transport stolen goods from

the offense's location, the State established as a matter of law that she used the pickup in the commission of the theft offense. I believe the majority's reasoning is without foundation and contrary to existing law. I respectfully dissent.

### SUMMARY JUDGMENT—STANDARD OF REVIEW

In addition to the rules set out in the majority's opinion, I set out certain other rules that apply to this case.

When the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed on any theory pleaded. *See Peirce v. Sheldon Petroleum Co.*, 589 S.W.2d 849, 852 (Tex. Civ.App.—Amarillo 1979, no writ). The defendant can prevail by conclusively showing there is no genuine issue of fact about at least one factual element of each cause of action pleaded by the plaintiff. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). A defendant may also prevail by conclusively establishing every factual element of an affirmative defense. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972).

When we review the trial court's grant of a summary judgment, we apply the following standards:

(1) The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, we must take evidence favorable to the nonmovant as true.

(3) We must indulge every reasonable inference in favor of the nonmovant and resolve any doubt in its favor.

*See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

### THE FORFEITURE ACTION

#### 1. The Applicable Law

##### a. Forfeiture of Contraband

Contraband is subject to seizure and forfeiture. TEX.CODE CRIM.PROC.ANN. art. 59.-02(a) (Vernon Supp.1992). "Contraband" means any property, including real, personal, tangible, or intangible, used in the commission of any felony under Chapter 31 of the Penal Code. *See* TEX.CODE CRIM.PROC. ANN. art. 59.01(2)(A)(ii) (Vernon Supp.1992).

##### b. Theft

A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of the property. TEX.PENAL CODE ANN. § 31.03(a) (Vernon 1989). Appropriation of property is unlawful if property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another. TEX.PENAL CODE ANN. § 31.03(b)(3) (Vernon 1989). "Appropriate" means to acquire or otherwise exercise control over property other than real property. TEX.PENAL CODE ANN. § 31.01(5)(B) (Vernon 1989). Appropriation occurs when one person unlawfully exercises control over property lawfully belonging to another. *See Freeman v. State*, 707 S.W.2d 597, 605–06 (Tex.Crim.App.1986).

##### c. Statutory Construction

Statutory construction begins with an analysis of the statute. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983). If the disputed statute is clear and unambiguous, extrinsic aids and rules of statutory construction are inappropriate. *Ex parte Roloff*, 510 S.W.2d 913, 915 (Tex. 1974). In such circumstances, we must give the statute its common, everyday meaning. *Cail*, 660 S.W.2d at 815.

A court may not judicially amend a statute and add words that are not implicitly contained in the language of the statute. *Lee v. City of Houston*, 807 S.W.2d 290, 294–95 (Tex.1991); *Steenbergen v. Ford Motor Co.*, 814 S.W.2d 755, 762 (Tex. App.—Dallas 1991, writ denied). We can insert additional words into a statutory provision only when it is necessary to give effect to the clear legislative intent. *See Hunter v. Fort Worth Capital Corp.*, 620

S.W.2d 547, 552 (Tex.1981). We may not, under the guise of statutory construction, amend a statute by adding words to it, no matter how desirable such additions might seem. *In the Interest of S.H.A.*, 728 S.W.2d 73, 83 (Tex.App.—Dallas 1987, no writ). We may not usurp the legislature's power by reading language into a statute. *Goldman v. Torres*, 161 Tex. 437, 341 S.W.2d 154, 158 (1960).

### 2. The State's Contentions

The State argues that DeAlmanza's pickup truck is contraband subject to forfeiture as a matter of law. The State contends the summary judgment evidence showed the offense was ongoing when the police arrested DeAlmanza in the pickup truck. The State contends this is because DeAlmanza was transporting and appropriating the property to sell to her brother-in-law to "further deprive the owners of the property."

### 3. DeAlmanza's Contentions

DeAlmanza argues the pickup truck cannot be contraband as defined under the statute because she did not use it in the commission of any felony. DeAlmanza argues the felony was complete when she took the stolen property from the officer.

### 4. Material Facts Not in Dispute

Both parties moved for summary judgment in the trial court. DeAlmanza based her summary judgment on the facts stated in the affidavits the State submitted to support its summary judgment. DeAlmanza adopts the State's facts and argues that based on the undisputed facts, the question is one of law for the court. When, as here, the parties do not disagree on the material facts, summary judgment is appropriate. *See Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 563 (1962).

### THE ISSUE

The issue is whether theft is a continuing offense. If it is, DeAlmanza used her pickup truck in the commission of a felony, and the pickup was contraband subject to forfeiture. If theft is not a continuing offense, the pickup was not subject to forfeiture.

### APPLICATION OF THE LAW TO THE FACTS

### 1. The Majority's Contentions

The State argues the words this Court needs to interpret are "used in the commission of ..." found in Chapter 59 of the Texas Code of Criminal Procedure.

The majority proceeds to apply rules of statutory construction to ascertain the legislature's intent under the forfeiture statute. The majority chooses to construe *Barnes* narrowly and to reject its teaching for any purpose other than determining the triggering of limitations in a theft case. *See Barnes v. State*, 824 S.W.2d 560, No. 919-90 (Tex.Crim.App.1991).

The majority agrees with the State. The majority finds theft a continuing offense and orders the pickup forfeited. I cannot agree.

### 2. Construction of the Forfeiture Statute

No one, including the majority, asserts the statute is ambiguous. Nor do I find the statute in need of judicial construction. We should enforce the statute as interpreted by its express, clear, and unambiguous language. *See Cail*, 660 S.W.2d at 815.

We must view the words "use" and "commission" in context and construe them according to rules of grammar and usage. TEX.GOV'T CODE ANN. § 311.011(a) (Vernon 1988). "Use" may have a number of meanings when it is employed as a verb. For example, "use" is defined as: to put into action or service; have recourse to or enjoyment of; employ; to carry out a purpose or action by means of; make instrumental to an end of process; apply to advantage; turn to account; utilize. *See Patterson v. State*, 769 S.W.2d 938, 940-41 (Tex.Crim. App.1989). "Commission" means the act of committing, performing, or doing (as a crime, misdeed, or other offense). *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 457 (1981).

As the majority recognizes, "used in the commission of" in this case means the pickup was contraband if it was property utilized or employed to achieve the felony theft. The majority also recognizes that DeAlmanza completed the necessary elements of felony theft the minute she took possession of the stolen property from the officer. *See* majority, at 781; *Rider v. State*, 567 S.W.2d 192, 196 (Tex.Crim.App. [Panel Op.] 1978).

### 3. Interpretation of *Barnes*

The majority contends we must limit *Barnes* to determining whether theft is a continuing offense for the purpose of triggering the statute of limitations. The majority contends *Barnes's* teachings do not apply in determining use in the commission of an offense for Chapter 59. The majority asserts using *Barnes* as authority in this case renders the legislature's enactment of section 59.02 a useless act. The majority concludes the legislature must have intended that "used in the commission of" have a broader meaning than set forth in *Barnes*. I cannot agree to limit *Barnes* in this manner.

In *Barnes*, the State's contention was similar to the State's and the majority's contention in this case. That is, we should construe theft as a continuing offense. The Court of Criminal Appeals noted our legislature did not designate theft as a continuing offense. *Barnes*, at 562. The court noted when every element of a crime has occurred, the crime is complete. The court specifically held that theft by exercising control is committed once possession of property becomes unlawful. *See Barnes*, at 562. The court stated it had never construed acquiring or otherwise exercising control over property as an invitation to turn theft into a continuing offense and declined to do so in *Barnes*. *See Barnes*, at 562; TEX.PENAL CODE ANN. § 31.01(5)(B) (Vernon 1989). The clear import of *Barnes* is that theft is not a continuing offense. The offense is complete when the accused takes possession of the stolen property.

Based on its narrow interpretation of *Barnes*, the majority then undertakes an analysis to determine the legislature's intent in the forfeiture statute. To reach a desired result, the majority determines the legislature, in the instance of theft, intended at a minimum to include within the meaning of "used in the commission of" the means used to transport the stolen property away from the location of the offense. The majority's endeavor is both inappropriate and improper. The statute's language is clear and unambiguous. Extrinsic aids and rules of statutory construction are inappropriate. *Cail*, 660 S.W.2d at 815. The majority may not judicially amend the statute and add words not implicitly contained in the language of the statute. *See Lee*, 807 S.W.2d at 295. Under the guise of liberal construction, the majority usurps legislature's power by reading into a statute a provision that is not there. *Goldman*, 341 S.W.2d at 158.

In this case, DeAlmanza used the truck to transport the stolen property away from the location of the offense. As the majority concedes, her purpose for transporting the *stolen goods* was to sell them so she could finish paying for them. The theft statute under which the State charged DeAlmanza does not require a sale for the theft to be complete, much less that any money be paid before the theft is complete. As a matter of law, all the necessary elements of the theft were complete when DeAlmanza took possession of the property from the officer. *Barnes*, at 562; *Rider*, 567 S.W.2d at 196. *See also Freeman v. State*, 707 S.W.2d 597, 605–06 (Tex. Crim,App.1986); *Senter v. State*, 411 S.W.2d 742, 745 (Tex.Crim.App.1967).

### CONCLUSION

In my view, the fat lady sang when DeAlmanza took the stolen property from the officer on the front porch of her house. The opera was over. The offense was complete. She did not use her pickup in the commission of the offense. The pickup truck was not contraband as defined by the statute. I would overrule all the State's points of error and affirm the trial court's judgment.