Affirmed and Memorandum Opinion filed June 3, 2004









Affirmed and Memorandum Opinion
filed June 3, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00458-CR

_______________

 

MARCO JAMES LEE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________________

 

On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 919,773

____________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Marco James Lee, appeals a conviction for capital
murder on the ground that the trial court erroneously denied his request to
instruct the jury to determine whether four witnesses were accomplices.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4 

Background








According to the State=s evidence, around November 8, 2000,
Tedric Garland sold a gun to Kerry Thomas. 
On the afternoon of November 10, 2000, Thomas drove appellant and
Charles Branch to the Palo Alto Tire Shop. 
Appellant went inside the shop. 
Using the gun Garland sold to Thomas, appellant shot and killed Palo
Alto employee, Mario Alfaro.  Appellant
then drove away in Alfaro=s car using the keys. 
Police stopped and arrested Garland, who was walking near the crime
scene.  Although Garland matched the
general description of the shooter, he was not charged in connection with the
murder.  

Alfaro=s car was left in a heavily wooded levee.  Two tires and stereo equipment were removed,
and some of the windows were broken. 
That night, appellant asked his neighbor, Lavella Bryant, if he could
store the rims and a speaker box from Alfaro=s car in her garage, and she
agreed.  Appellant returned the next day
and retrieved the speaker box but left the rims.  Bryant knew that the rims were stolen.

On the night of November 11, 2000, Bryant was at her neighbor
Daphne Drummer=s house when appellant arrived and
asked Drummer for a ride.  He had a five
gallon bucket that smelled as though it contained bleach.  He told Drummer and Bryant he wanted to wash
down Alfaro=s car.  Drummer agreed to give appellant a ride, and
Bryant accompanied them. They picked up Kenneth Grant, another neighbor, on the
way.  Drummer and Bryant dropped off
appellant and Grant at the levee where Alfaro=s car was located.  Grant and appellant wiped the car with
bleach, and Drummer and Bryant returned approximately twenty minutes later to
pick them up.  

Discussion








In one issue, appellant contends that the trial court erroneously
denied his request for a jury instruction to determine whether Garland, Bryant,
Drummer, and Grant were accomplice witnesses as a matter of fact.  See Tex.
Code Crim. Proc. Ann. Art. 38.14 (Vernon 1979) (requiring corroboration
of testimony by an accomplice).  An
accomplice participates with a defendant before, during, or after an offense
with the required culpable mental state. 
Paredes v. State, 129 S.W.3d 530, 536 (Tex. Crim. App.
2004).  In other words, an accomplice
could be prosecuted for the same offense as the defendant, or a lesser included
offense.  Blake v. State, 971
S.W.2d 451, 454B55 (Tex. Crim. App. 1998). 
An accomplice=s participation must involve an affirmative act that promotes
the commission of the charged offense.  Paredes,
129 S.W.3d at 536.  However, a person who
acts after an offense has been completed is not an accomplice.  See Guillory v. State, 877 S.W.2d 71,
74 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d); see also Paredes, 129
S.W.3d at 537.  If the evidence is not
clear whether a witness is an accomplice, then that question must be left to
the jury under instructions defining the term Aaccomplice.@ 
Paredes, 129 S.W.3d at 536. 

First, appellant contends the jury should have been
instructed to determine whether Bryant was an accomplice because she was
culpable for the lesser-included offense of theft by keeping the wheel rims
from Alfaro=s car in her garage.  See Tex.
Pen. Code Ann. ' 31.02 (Vernon 2003) (stating that receiving or concealing
stolen property constitutes theft). 
However, the State argues appellant had already completed the offense of
capital murder so Bryant=s act of concealing the stolen property was a separate and
distinct offense.  Appellant was charged
with committing capital murder by intentionally causing the death of Alfaro in
the course of committing robbery.  See
Tex. Pen. Code Ann. ' 19.03 (Vernon Supp. 2004).  A person commits robbery if, in the course of
committing theft, he causes bodily injury to another.  Tex.
Pen. Code Ann. ' 29.02 (Vernon 2003). 
Theft is a lesser included offense of robbery.  Bignall v. State, 887 S.W.2d 21, 23
(Tex. Crim. App. 1994).  

When each element of an offense has occurred, it is
complete.  Barnes v. State, 824
S.W.2d 560, 562 (Tex. Crim. App. 1991), overruled on other grounds by
Proctor v. State, 967 S.W.2d 840 (Tex. Crim. App. 1998).  Appellant first caused Alfaro=s death and then committed
theft.  Once appellant appropriated
Alfaro=s car, the theft was complete.  See Tex.
Pen. Code Ann. ' 31.03(a) (Vernon Supp. 2004).  At that point, all the elements of the
capital murder had occurred, so it was also complete.  See Barnes, 824 S.W.2d at 562.








Appellant argues that Bryant participated with him in the
theft by concealing the stolen wheel rims. 
However, once a theft has been completed, it is not a continuing
offense. Id.  Therefore, the
offense of theft by receiving stolen property is a separate and distinct
offense from the initial theft.  Reyna
v. State, 22 S.W.3d 655, 659 (Tex. App.CAustin 2000, no pet.).  Accordingly, if a theft is committed during a
robbery, a witness who receives the stolen property is not an accomplice to the
robbery.  See Worthen v. State, 59
S.W.3d 817, 820 (Tex. App.CAustin 2001, no pet.). 
Although Bryant was involved with appellant in the offense of receipt of
stolen property, she was not an accomplice to the capital murder because it was
a separate and distinct offense.  See
id.  A witness who has no complicity
with the accused in the commission of the offense for which the accused is on
trial is not an accomplice regardless of her complicity with the accused in the
commission of another offense.  See
Gamez v. State, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987).

Appellant also claims the jury should have determined whether
Bryant, Drummer, and Grant were accomplices because they helped him wipe down
the stolen car.  Appellant argues this
assistance made them susceptible to prosecution for the lesser-included offense
of theft because they were ensuring the rightful owner would not get the car
back.  However, evidence that a witness
helped to conceal a crime after it is completed is insufficient to raise the
issue of accomplice status.  Medina v.
State, 7 S.W.3d 633, 641 (Tex. Crim. App. 1999); see also Paredes,
129 S.W.3d at 537B38 (holding witnesses who helped clean out cars used to
transport capital murder victims were not accomplices). 








Appellant also claims the evidence raised an issue concerning
whether Garland was an accomplice because he sold the murder weapon to Kerry
Thomas in the days before the offense occurred. 
However, appellant concedes A[a]bsent evidence that Garland knew
what the shooter intended to do with the weapon, Garland is not an accomplice.@ 
There is no evidence that Garland was aware of the intended use of the
gun.  Therefore, there is no evidence
Garland was involved, in any way, with the planning of or preparation for the
murder.  Accordingly, he was not an
accomplice.  See Paredes, 129 S.W.3d
at 536.  Appellant also argues Garland
was a Apotential alternate suspect@ because he was arrested near the
crime scene in clothing similar to the shooter=s clothing.  However, there is no evidence that Garland
participated in the offense.  The fact
that a witness was initially a suspect does not make him an accomplice.  See Kutzner v. State, 994 S.W.2d 180,
187 (Tex. Crim. App. 1999) (holding witness who was arrested and charged with
the offense was not an accomplice where the charges were eventually dismissed
after an investigation).

Because the evidence establishes the witnesses were not
accomplices, and there is no evidence to the contrary, the trial court did not
err in denying appellant=s request to instruct the jury to determine whether they were
accomplices.  Appellant=s issue is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed June 3, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).