**914-15**

ORIGINAL

July 16, 2015

----------------------------------------------------------------

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

----------------------------------------------------------------

RONNIE HOYT ROYSTON Petitioner

V.

THE STATE OF TEXAS Respondent

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 2 2 2015

Abel Acosta, Clerk

----------------------------------------------------------------

Petition in Cause No. 1354573

From the 178th Judicial District Court of Harris County, Texas

And in the

Court of Appeals for the Fourteenth District of Texas

FILED IN
COURT OF CRIMINAL APPEALS

JUL 2 2 2015

Abel Acosta, Clerk

----------------------------------------------------------------

## PETITION FOR DISCRETIONARY REVIEW

----------------------------------------------------------------

Ronnie Hoyt Royston

Pro Se

18432 Lake Iris Ave

Baton Rouge, LA 70817-7581

(504) 616-2105

rhroyston@gmail.com

*ORAL ARGUMENT REQUESTED*

1

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

### Appellant:

**Ronnie Hoyt Royston**

18432 Lake Iris Ave

Baton Rouge, LA 70817-7581

Telephone: (504) 616-2105

### Counsel for Appellant at Trial and on Appeal:

**Kyle R. Sampson**

State Bar No.: 00795634

917 Franklin, Suite 420

Houston, Texas 77002

Telephone: (713) 337-1420

**Megan E. Smith**

State Bar No: 24076196

770 S. Post Oak Lane, Suite 620

Houston, Texas 77056

Telephone: (713) 552-0300

Counsel for the State:

**Devon Anderson**, District Attorney of Harris County

**Bridget Holloway**, Assistant District Attorney on appeal

**Hank Altmiller**, Assistant District Attorney at plea

Harris County District Attorney's Office

1201 Franklin, Suite 600

Houston, Texas 77002

Telephone: (713) 755-5800


Trial Judge:

**Honorable David L. Mendoza**, Presiding Judge

Harris County Criminal Justice Center

1201 Franklin, 19th Floor

Houston, Texas 77002

<u>Appellant Judge:</u>

**Honorable Justice John Donovan**

Fourteenth Court of Appeals

301 Fannin, Room 245

Houston, TX 77002

(713) 274-2800

**Table of Contents**

INDEX OF AUTHORITIES ...................................................................... 6

    CASE LAW: .................................................................................. 6

    STATUTES: .................................................................................. 6

STATEMENT REGARDING ORAL ARGUMENT ...................................... 6

STATEMENT OF THE CASE .................................................................. 7

STATEMENT OF PROCEDURAL HISTORY ............................................. 8

GROUNDS FOR REVIEW ...................................................................... 9

    **GROUND FOR REVIEW NO. 1 THE APPELLATE COURT ERRED IN FINDING THAT THERE IS NO REASONABLE EXPECTATION OF PRIVACY REGARDING THE CONTENTS OF AN ABANDONED PASSWORD PROTECTED IPHONE** ................... 9

    **GROUND FOR REVIEW NO. 2 THE APPELLATE COURT ERRED IN FINDING THAT APPELLANT'S IPHONE WAS NOT STOLEN.** ........................ 9

ARGUMENT ..................................................................................... 10

PRAYER FOR RELIEF ........................................................................ 13

APPENDIX ....................................................................................... 14

5

**INDEX OF AUTHORITIES**

CASE LAW:

Anderson v. State, 322 S.W.3d 401 (Tex. App.-Houston [14th Dist.] 2010, pet.

ref d)..........................................................................................................................13

Barnes v. State, 824 S.W.2d 560 (Tex. Crim. App. 1991)...........................................13

Proctor v. State, 967 S.W.2d 840, 842 (Tex. Crim. App. 1998)..................................13

STATUTES:

Tex. Code of Criminal Procedure Article 2.01..........................................................14

Tex. Code of Criminal Procedure Article 38.23(1)....................................................11

Tex. Penal Code § 21.15(b)(2).............................................................................7,10

Tex. Penal Code § 21.15(b)(3)...............................................................................11

**STATEMENT REGARDING ORAL ARGUMENT**

In the event this petition is granted, the Petitioner requests oral argument. Oral argument would provide this Court with an opportunity to question the parties regarding their positions.

## STATEMENT OF THE CASE

Appellant, Ronnie Royston, was charged by indictment with the felony offense of improper visual recording (CR at 10)[12]. Mr. Royston alleged that the iPhone was seized in violation of Article 38.23 of the Texas Code of Criminal Procedure, to wit--theft. (CR at 60-63). Mr. Royston submitted a special requested jury instruction under article 38.23. (RR Vol. 5 at 173). (RR Vol. 8 at DE 2)[3]. The trial court refused to submit a 38.23 instruction to the jury. (RR Vol. 6 at 11-15). Mr. Royston was found guilty by a jury. (CR at 139). (RR Vol. 6 at 22). Punishment was assessed by the trial court at two years confinement in a state jail facility, to be suspended for a period of four years, placing the appellant on community supervision after a mandatory 45 days confinement in Harris County Jail. (CR at 140). (RR Vol. 6 at 46).

Mr. Royston timely filed a Notice of Appeal. (CR at 148-150). The court of appeals affirmed the conviction holding that there is no reasonable expectation of privacy with regards to an abandoned iPhone. This petition challenges that holding.

---

[1] CR refers to Clerk's Record; RR refers to Reporter's Record; SCR refers to Supplemental
[2] The Texas Court of Criminal Appeals has found section 21.15(b)(1) of the Penal Code to be unconstitutional but that holding does not yet affect section 21.15(b)(2). See Ex Parte Thompson, 442 S.W.3d 325 (Tex. Crim. App. 2014).
[3] SE refers to State's Exhibit; DE refers to Defendant's Exhibit.

## STATEMENT OF PROCEDURAL HISTORY

The judgement of Petitioner's conviction was entered on October 9th, 2013. Petitioner's notice of appeal was timely filed. On June 18th, 2015, the Fourteenth Court of Appeals issued an unpublished opinion by Justice John Donovan affirming Petitioner's conviction. Motion for rehearing was not filed.

**GROUNDS FOR REVIEW**

## GROUND FOR REVIEW NO. 1

THE APPELLATE COURT ERRED

IN FINDING THAT THERE IS NO

REASONABLE EXPECTATION

OF PRIVACY REGARDING THE

CONTENTS OF AN

ABANDONED PASSWORD

PROTECTED IPHONE.

## GROUND FOR REVIEW NO. 2

THE APPELLATE COURT ERRED

IN FINDING THAT

APPELLANT'S IPHONE WAS

NOT STOLEN.

**ARGUMENT**

## GROUND FOR REVIEW NO. 1 RESTATED

## THE APPELLATE COURT ERRED IN FINDING THAT
## THERE IS NO REASONABLE EXPECTATION OF
## PRIVACY OF THE CONTENTS OF AN ABANDONED
## PASSWORD PROTECTED IPHONE.

This holding will have broad application. The Fourteenth Court of Appeals summarized that appellant's iPhone was **abandoned** therefore a subsequent theft of the iPhone was impossible. Appellant does not contest this with regards to the hardware – the phone device itself. However, with regards to the contents as stored in onboard memory, appellant argues that without the iPhones password the contents are inaccessible and private. There is a reasonable expectation of privacy regarding the contents of a password protected iPhone – whether the iPhone is stolen, sold, or abandoned.

Therefore, State's theory necessary to prove any element of the charged offense cannot be met, namely appellants intent at invasion of privacy or gratifying the sexual desire of any person. *See* Tex. Penal Code § 21.15(b)(2). Tomball Police Department was able to get a search warrant for the phone. (RR

Vol. 5 at 93-94). However, without the passcode, it was not possible for them to access the contents of the iPhone. (RR Vol. 5 at 95). **Abandoning** his iPhone with the intent to invade another's privacy or gratify the sexual desire of another requires that appellant disable password protection on the iPhone so that another could later access its contents.

Only after getting the passcode was the State of Texas able to access the iPhones contents and then within hours create a snapshot of appellants face and maliciously disseminate and promote it to mainstream media – ABC, NBC, CBS, and Houston Chronicle - a market of over 6,000,000 people (*see* Appendix A image; *google* "Ronnie Royston"). **Note that the State of Texas' actions violate the same statute that appellant was charged with violating**, namely, "knowing the character and content of the recording, promotes a photograph, recording, broadcast, or transmission described by Subdivision (1) or (2)". *See* Tex. Penal Code § 21.15(b)(3). The Harris County District Attorney refused to pursue charges based on appellants timely complaint against the State of Texas and ABC News. If appellant did **not abandon** his iPhone then the issue of theft presents itself and the appellate court erred in affirming refusal to submit a 38.23 instruction to the jury. (RR Vol. 6 at 11-15).

## GROUND FOR REVIEW NO. 2 RESTATED

## THE APPELLATE COURT ERRED IN FINDING

## THAT APPELLANT'S IPHONE WAS NOT STOLEN.

"A theft is complete when all the elements have occurred." Anderson v. State, 322 S.W.3d 401, 408 (Tex. App.-Houston [14th Dist.] 2010, pet. ref'd)(citing Barnes v. State, 824 S.W.2d 560, 562 (Tex. Crim. App. 1991), overruled on other grounds by Proctor v. State, 967 S.W.2d 840, 842 (Tex. Crim. App. 1998) ). Complainant exercised control over the iPhone when, as the video recording clearly shows, she picked it up and announced, "I just got an iPhone" and "it's mine." The theft was complete in that moment and is preserved on video (State's Exhibits 4 and 25A).

LM: I just got an iPhone.

LM & MM: It's mine, it's mine, no, it's mine.

LM: The screen is broken.

MM: Who cares?

**PRAYER FOR RELIEF**

For the reasons stated, the Petitioner was denied a fair trial in Cause No. 1354573. Therefore, Appellant prays that this Court grant his petition for discretionary review and upon reviewing the judgement entered below, reverse this Cause and dismiss the prosecution or remand it for a new trial.

Respectfully submitted,

_____

Ronnie Hoyt Royston, Pro Se

18432 Lake Iris Ave

Baton Rouge, LA 70817-7581

(504) 616-2105

rhroyston@gmail.com

## APPENDIX

A copy of the opinion of the court of appeals is attached.

### Texas Rules of Criminal Procedure Article 2.01

"It **shall** be the **primary duty** of all prosecuting attorneys, including any special prosecutors, **not to convict, but to see that justice is done.**"



45 days confinement and 2 yrs probation / Humiliate in front of 6,000,000 people



Local

# Man accused of improper photography in store dressing room

Thursday, July 19, 2012

<-- image created and promoted by the State of Texas showing appellant, without his consent and invading his privacy, in a private dressing room

TAGS: tomball, local, kevin quinn

TOMBALL, TX -- We've heard of cases of hidden cameras before but not the way one Tomball man allegedly spied inside a dressing room at a Kohl's store. It was a 16-year-old girl who discovered the hidden cell phone at the Kohl's off FM 2920 in Tomball.

Related Content
Got a story idea? Let us know!

That suspect has not yet been arrested. He is charged with improper photography and visual recording here. Police say he told them he plans soon to surrender.

According to Tomball police, surveillance video shows Ronnie Hoyt Royston, 37, entering the Kohl's on FM 2920 in Tomball on June 4. Once inside, according to a

Share this Story

Recommend — One person recommends this. Sign Up to see what your friends recommend.

Tweet 0    g+1 Recommend this on Google

null News Links
- FREE iPad, iPhone and Android apps
- Find news in your neighborhood
- What are people clicking on the most?
- Send your pics and videos to news@abc13.com

**Most Popular**

14

Affirmed and Memorandum Opinion filed June 18, 2015.



In The

# Fourteenth Court of Appeals

## NO. 14-13-00920-CR

## RONNIE HOYT ROYSTON, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1354573**

## MEMORANDUM OPINION

Appellant, Ronnie Hoyt Royston, appeals his conviction for improper photography or visual recording. In two issues, he contends the trial court erred by (1) refusing to submit a requested jury instruction, and (2) denying appellant's motion to suppress. We affirm.

# I. BACKGROUND

On June 4, 2012, the sixteen-year-old female complainant, her thirteen-year-old sister, her brother, and their mother were shopping at a department store. The women noticed that a man, later identified as appellant, followed them while they looked at clothes. Unbeknownst to the women at the time, appellant used his iPhone to take numerous photographs focusing on the complainant's buttocks while she shopped. Appellant then placed the phone, set in the video-recording mode, under a bench in a dressing room, partially concealed by some clothing.

The three women then entered that dressing room, and the teenagers began to try on clothes. When the sister dropped an item, she saw the hidden phone. She picked it up and said, "I just got an iPhone" and "it's mine, it's mine," while the complainant replied, "no, it's mine"—remarks which the complainant and her mother characterized at trial as joking rather than indicating intent to keep the phone.[1] The mother immediately took the phone to determine the owner's identity, and the women noticed it was recording. While looking at the contents, they recognized the phone as belonging to the man who had followed them and saw the photographs of the complainant's backside. The mother immediately locked the phone so that it would stop recording. An employee knocked on the dressing-room door, asking if the women had found a phone because someone had called looking for it. The mother responded that they had not because she was concerned appellant might be nearby and she wanted to take the phone to store security. She approached a manager and called the police after learning there was no store security officer. She gave the phone to the responding police officer and reported that it showed the teenagers "half-dressed."

---

[1] The sister did not testify at trial.

The police obtained a search warrant to access the contents of the locked phone, based on the information provided by the women. The police found the photographs of the complainant and the video which recorded appellant hiding the phone in the dressing room and the women discovering it. The police determined from accessing the phone that it belonged to appellant. They contacted him, and he voluntarily went to the station for an interview. The police also learned that the man who called the store inquiring about the phone did not leave his name or contact information. Additionally, appellant did not return to the store, contact the officers, or go to the police station in an attempt to retrieve the phone, and he never reported it as stolen. Finally, the police obtained store surveillance videos showing appellant enter the store while holding a cell phone and displaying an erection through his gym shorts.

Appellant was charged with the felony offense of improper photography or visual recording under section 21.15(b)(2) of the Texas Penal Code.[2] *See* Tex. Penal Code Ann. § 21.15(b)(2) (West, Westlaw through 2015 R.S.) (providing that a person commits an offense if he "photographs or by videotape or other electronic means records . . . a visual image of another at a location that is a . . . private dressing room . . . without the other person's consent; and . . . with intent to: (i) invade the privacy of the other person; or (ii) arouse or gratify the sexual desire of any person").

Appellant moved to suppress all evidence regarding the phone and its contents, or otherwise obtained from accessing the contents, on the ground this evidence was obtained via an illegal search and seizure. After hearing testimony and viewing the video recording contained on the phone, the trial court denied the

---

[2] The Texas Court of Criminal Appeals has found section 21.15(b)(1) of the Penal Code to be unconstitutional but that holding does not affect section 21.15(b)(2). *See Ex Parte Thompson*, 442 S.W.3d 325 (Tex. Crim. App. 2014).

motion. Subsequently, the trial court denied appellant's request for an instruction in the charge that the jury may not consider evidence it believed was obtained via an illegal search and seizure.

The jury found appellant guilty of the offense. The trial court assessed punishment at two years' confinement in state jail, probated for four years.

## II. ANALYSIS

We will address together appellant's two issues because we dispose of both on the same basis. Appellant contends the trial court erred by (1) denying appellant's motion to suppress, and (2) refusing to submit his requested jury instruction.

## A. Applicable Law and Standard of Review

To support both issues, appellant relies on Texas Code of Criminal Procedure Article 38.23(1), which provides:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (West, Westlaw through 2015 R.S.).

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We give almost total deference to the trial court's findings of historical fact that are supported by the record and its application of the law to facts if the

resolution of those questions turns on an evaluation of credibility and demeanor. *Id.* We review *de novo* the trial court's application of the law to the facts when the issue does not turn on credibility and demeanor. *Id.*

Even when a trial court has resolved a factual conflict relative to a motion to suppress against the defendant and admitted the evidence at issue, the defendant may still be entitled to a jury instruction under the second paragraph of Article 38.23(a). *See* Tex. Code Crim. Proc. Ann. art. 38.23(a); *Holmes v. State*, 248 S.W.3d 194, 199–200 (Tex. Crim. App. 2008). A defendant's right to submission of a jury instruction under article 38.23(a) is "limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible." *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). If there is no dispute regarding a material fact issue, the legality of the conduct is determined by the court alone, as a matter of law. *Id.* at 510. We review a trial court's refusal to submit an instruction in the jury charge for abuse of discretion. *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000).

## B. Analysis

Appellant's complaint regarding the search and seizure of the iPhone focuses on the actions of the complainant's sister. Appellant cites authority discussing application of the exclusionary rule to an improper search and seizure by a private citizen: "if an officer violates a person's privacy rights by his illegal conduct making the fruits of his search or seizure inadmissible in a criminal proceeding under Article 38.23, that same illegal conduct undertaken by an 'other person' is also subject to the Texas exclusionary rule." *Miles v. State*, 241 S.W.3d 28, 36 (Tex. Crim. App. 2007). Appellant contends the sister had effectively stolen the phone when the women viewed the contents in the dressing room because (1) the sister's statements while picking up the phone—"I just got an iPhone" and "it's

5

mine, it's mine"—demonstrate her intent to commit theft, and (2) the theft was complete when she briefly held the phone, although the women decided to give it to the police once they saw the contents.

As we construe appellant's position, he therefore maintains (1) the women's actions in obtaining the phone and viewing the contents constituted an illegal search and seizure; (2) in turn, the search warrant based on the information they provided was invalid; and (3) thus, the phone, evidence regarding its contents, and any other evidence obtained via the search warrant, including appellant's statement, should have been suppressed as fruits of an illegal search and seizure. Alternatively, appellant argues the sister's statements at least raised a question of fact before the jury on whether she committed theft, thereby entitling appellant to a jury instruction. *See Holmes*, 248 S.W.3d at 200 (recognizing State's own witnesses or evidence might affirmatively raise a factual dispute entitling defendant to an Article 38.23(a) instruction).[3]

The trial court issued numerous findings of fact and conclusions of law which, in summary, reflect it denied the motion to suppress for three separate reasons: (1) there was no theft; (2) appellant abandoned his interest in the phone before the women discovered it; and (3) the complainant had an ownership interest in the contents because they depicted her partially undressed body without her consent. We agree with the trial court's conclusion that appellant abandoned the phone before the women discovered it and thus he lacks standing to challenge their actions. Consequently, we need not decide whether the trial court erred by

---

[3] Appellant requested an instruction defining the elements of theft and stating, "if you believe beyond a reasonable doubt that the cell phone in question was obtained in violation of the law of the State of Texas, namely theft by [the complainant or her sister], then in such event, you will wholly disregard such evidence and all other evidence that was derived from the theft, and not consider it as any evidence whatsoever."

determining there was no theft or whether a disputed fact issue existed regarding a theft, entitling appellant to a jury instruction.

A person has standing to contend a search or seizure was unreasonable if (1) he has a subjective expectation of privacy in the place or object searched, and (2) society is prepared to recognize that expectation as "reasonable" or "legitimate." *State v. Granville*, 423 S.W.3d 399, 405 (Tex. Crim. App. 2014). Courts have held that (1) a person has a subjective expectation of privacy in the contents of his cell phone, and (2) this expectation of privacy is one society recognizes as reasonable and legitimate. *Id.* at 405–06. However, a person may lose a reasonable and legitimate expectation of privacy in the contents of his cell phone under some circumstances, including if he abandons the phone. *Id.* at 409.

When the police take possession of property that has been abandoned independent of police misconduct, no seizure occurs under the Fourth Amendment. *Swearingen v. State*, 101 S.W.3d 89, 101 (Tex. Crim. App. 2003). Further, no person can reasonably expect privacy in property he abandons. *Matthews v. State*, 431 S.W.3d 596, 608 (Tex. Crim. App. 2014). Thus, when a defendant voluntarily abandons property, he lacks standing to contest the reasonableness of the search of the property. *Id.*; *Swearingen*, 101 S.W.3d at 101. The defendant must intend to abandon the property, which may be inferred from words, acts, and other objective facts—the question being whether the defendant has voluntarily discarded or relinquished his interest in the property. *See Matthews*, 431 S.W.3d at 609. The issue is not whether he intended to discard the property permanently, but instead whether he abandoned the property in such a way "that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." *Id.* (quoting *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997)).

7

In this case, there were no disputed facts on whether appellant abandoned the phone, and therefore that inquiry is solely a legal issue. *See Madden*, 242 S.W.3d at 510; *Amador*, 221 S.W.3d at 673.[4] The trial court made the following conclusions with respect to the abandonment issue:

> The Court further finds that neither [the sister] who had fleeting temporary possession of the iPhone, nor [the mother], took the iPhone from the defendant's person, home or vehicle, but rather found it where the defendant had no right to be and where the defendant left it to commit the offense alleged in the indictment. As such, since the defendant did not report it stolen or lost to the police or inquire about it in person at the store or at the police station, he abandoned it.
>
> . . .
>
> The Court further finds that the Defendant did not have a reasonable expectation of privacy in his iPhone when his iPhone and the contents therein were retained by the complainant's mother and handed over to the police, where he had abandoned said iPhone in the women's dressing room by entering said dressing room and surreptitiously placing it in a "record" mode and later made no attempt to reclaim it in person. . . .

We agree that before the sister discovered the phone, appellant abandoned it by "surreptitiously" placing it in a public dressing room on record mode and then walking away from not only the phone but also the store.[5]

Appellant argues that conclusion is inconsistent with the State's theory necessary to prove an element of the offense. Appellant emphasizes he could not have intended to abandon the phone if he also intended to "arouse or gratify [his] sexual desire." In other words, appellant suggests proving that element would entail intent to later retrieve the phone so that he could view any recording of the

---

[4] The evidence presented at both the motion-to-suppress hearing and at trial (as set forth above) was substantially similar in pertinent respects.

[5] It is a reasonable inference appellant left the store before the women found the phone because he had called the store inquiring about the phone only minutes after the women found it.

8

complainant. In this regard, appellant cites the fact that he called the store inquiring about the phone.

However, the jury was correctly instructed that appellant must have made the recording with intent to "invade the privacy of the other person; **or** . . . arouse or gratify the sexual desire of any person." (emphasis added). *See* Tex. Penal Code Ann. § 21.15(b)(2). Thus, the State was not required to establish appellant intended to "arouse or gratify [his] sexual desire." *See id.* The jury could have concluded that appellant intended "to invade [the complainant's] privacy" even if he had no intent to retrieve the phone because he placed it where any other person could find it and view the recording. Further, appellant does not challenge sufficiency of the evidence, so we need not decide whether the State proved all of the elements.

Nonetheless, as set forth above, the inquiry is not whether appellant intended to discard the phone permanently but whether he abandoned it in such a way "that he could no longer retain a reasonable expectation of privacy with regard to it **at the time of the search**." *See Matthews*, 431 S.W.3d at 609 (emphasis added). We note appellant's subsequent attempt to retrieve the phone was tepid because he failed to leave any contact information when he called the store, did not return in person, and made no further efforts to retrieve it. Regardless, any intent, or actual attempt, to later **try** to retrieve the phone does not negate that appellant relinquished any "reasonable expectation of privacy" when he hid the phone in a public dressing room in record mode and left the store. *See id.*

In summary, because appellant abandoned the phone, he had no standing to challenge the subsequent circumstances under which the women and then the police accessed the contents. Accordingly, the trial court did not err by denying

appellant's motion to suppress and refusing to submit an Article 38.23(a) jury instruction. We overrule both of appellant's issues.

We affirm the trial court's judgment.

/s/    John Donovan
Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

10

EMARKS OF DUPONT.

PRESS FIRMLY TO SEAL

PRIORITY MAIL
UNITED STATES POSTAL SERVICE
Label 106-A March 2006
www.usps.com

FROM:

United States Postal Service®
SIGNATURE CONFIRMATION™

5E21 4110 0000 0940 8308

FOR DOMESTIC AND INTERNATIONAL USE

PRIORITY
★ MAIL ★

FROM: Ron Royston
18432 Lake Iris Ave
Baton Rouge, 70817

TO:
Abel Acosta, Clerk of Court
Court of Criminal Appeals
P.O. Box 12308
Austin, TX 78711

Label 106-A March 2006

UNITED STATES
POSTAL SERVICE®

VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

WOODLAWN STATION
JUL 16 2015
BATON ROUGE LA 70817

WOODLAWN STATION
JUL
BATON ROU

UNITED STATES
POSTAL SERVICE®

1004

78711

U.S. POSTAGE
PAID
BATON ROUGE,LA
70817
JUL 16, 15
AMOUNT
$11.85
0010254314
0010254343-14

PRIORITY MAIL
POSTAGE REQUIRED