ONE 1985 CHEVROLET, Petitioner,

v.

The STATE of Texas, Respondent.

No. D–2522.

Supreme Court of Texas.

Feb. 24, 1993.

Rehearing Overruled June 16, 1993.

William R. McGarvey, Dallas, for petitioner.

Lisa A. Moye, Dallas, Dan Morales, Austin, John Vance, Dallas, for respondent.

Before GAMMAGE, HECHT and ENOCH, JJ.

## OPINION

GAMMAGE, Justice.

This is a forfeiture case involving a pickup truck alleged to have been used in the crime of theft. The trial court rendered summary judgment for the truck's owner because the theft was complete before she ever placed the goods in her vehicle. The court of appeals, with one justice dissenting, reversed and rendered judgment for the State, holding that the legislature intended a liberal construction of the words "used in the commission of" a felony. That court's construction would here include the truck used subsequent to the theft to transport the stolen property. 828 S.W.2d 778. We hold that the crime of theft was complete before the owner ever loaded her truck, and that the plain language of the statute "used in the *commission* of" the felony, precludes any "broad" or "liberal" construction beyond the express words used. We reverse the judgment of the court of appeals and affirm the trial court's judgment.

We briefly review the facts and applicable statutes. Acting on a tip that Margarita DeAlmanza was conducting a fencing operation out of her residence, an undercover police officer went with a confidential informant to DeAlmanza's residence to sell her eleven items of property. The officer expressly represented the items were stolen, and DeAlmanza agreed to buy them for $300. She gave the officer $150, but told him he should come back later for the rest of the money. She stated she intended to sell the items to her brother-in-law to get the rest of the money. The officer and informant helped unload the eleven items into DeAlmanza's residence. At DeAlmanza's request, the officer and informant then loaded several items from her residence and four of the just-purchased items into DeAlmanza's 1985 Chevrolet pickup truck,

the subject of the present forfeiture proceedings.

The officer and the informant then left the premises. The officer telephoned his supervisor and told him that a sale had occurred. He requested that a search warrant issue. The officer returned to the residence some fifteen minutes later, but DeAlmanza and her truck were gone.

Another officer had been assigned to surveillance of DeAlmanza. Driving an unmarked car, he followed DeAlmanza for about fifteen minutes after she left the house, until he heard over his police radio that a judge had signed a warrant for her arrest. The surveillance officer then summoned a marked squad car, whose driver stopped and arrested her. An inventory search revealed nine stolen items in the pickup, including four items the undercover officer had sold DeAlmanza.

DeAlmanza subsequently pleaded guilty to the criminal offense of theft of property valued over $750. The State then filed the present forfeiture action against the pickup truck DeAlmanza had used to transport the stolen items. The State alleged she had used the truck "in the commission of the offense" and that the truck was consequently subject to forfeiture under Chapter 59 of the Texas Code of Criminal Procedure. The State alleged *only* the offense of *theft* of property valued over $750.

Both the State and DeAlmanza filed motions for summary judgment. The trial court granted DeAlmanza's motion on the basis that all of the elements of the offense of theft were completed at her home before her arrest in the pickup truck, and that the pickup was not used "in the commission of an offense" of theft under the Code of Criminal Procedure. The trial court denied the State's motion.

The court of appeals reversed and rendered judgment for the State, holding that the vehicle had been used in the commission of the offense of theft as a matter of law. The court of appeals' majority opinion reasoned that it had to construe the forfeiture statute broadly to include any property used "to facilitate the offense," apparently including any facilitation *after* the crime is complete. Both to preserve comity with decisions of our sister court of last resort, the Court of Criminal Appeals, and to follow our own statutory construction precedent, we cannot agree with this loose construction of an unambiguous statute.

It is only "contraband" that is subject to forfeiture under the statute asserted by the State. Tex.Code Crim.Proc. art. 59.-02(a) (Supp.1993). "Contraband" is statutorily defined as any property, including real, personal, tangible, or intangible, used in the commission of any felony under Chapter 31 of the Penal Code. Tex.Code Crim.Proc. art. 59.01(2)(A)(ii) (Supp.1993).

The only Chapter 31 felony alleged by the State to justify the forfeiture was the offense of theft, to which DeAlmanza had entered her guilty plea. The offense of theft occurs if a person unlawfully appropriates property with intent to deprive the owner of the property. Tex.Penal Code § 31.03(a). Appropriation of property is "unlawful" if property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another. Tex.Penal Code § 31.03(b). To "appropriate" means to acquire or otherwise exercise control over property other than real property. Tex.Penal Code § 31.01(5)(B). Appropriation occurs when one person unlawfully exercises control over property belonging to another. *Freeman v. State,* 707 S.W.2d 597, 605 (Tex.Crim.App.1986). In the context of determining when the statute of limitations begins to run for the offense of theft, the Court of Criminal Appeals has addressed when the offense is complete. In *Barnes v. State,* 824 S.W.2d 560 (Tex. Crim.App.1991), that court held that the offense is complete when each element of the crime has occurred, disregarding any subsequent transportation of the property.

The words held to require a broad construction by the court of appeals are "used in the commission of" in Chapter 59 of the Code of Criminal Procedure. When a statute is clear and unambiguous, a court should not use rules of construction or extrinsic aids to construe it, but should give the statute its common meaning. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex.1983); *Ex parte Roloff*, 510 S.W.2d 913, 915 (Tex.1974). The quoted language is clear and unambiguous. DeAlmanza completed the elements of the offense of theft when she took possession of the stolen property from the officer. *Rider v. State*, 567 S.W.2d 192, 196 (Tex.Crim. App.1978). To be "used in the commission of" the crime, the property had to have been used before or during the taking of possession. The truck at issue was not so used. We reject the State's contention that theft was somehow a "continuing offense" for purposes of the forfeiture statute.

We find *Barnes* further instructive because of the similarity of the contentions. In *Barnes* the State urged theft as a continuing offense for purposes of the limitations statute. The Court of Criminal Appeals specifically took note that the legislature did not designate theft as a continuing offense. *Barnes*, 824 S.W.2d at 562. Further, as the court also noted, theft is not a crime of such nature that it can be implied as continuing. *Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970).

As a matter of statutory construction, and to maintain consistency with the Court of Criminal Appeals, we conclude that the "theft" was complete when DeAlmanza took possession and the pickup truck was not used "in the commission of" the theft, within the statutory meaning. The court of appeals erred in declaring forfeiture of the vehicle. Without hearing argument we grant the application for writ of error, reverse the judgment of the court of appeals, and affirm the judgment of the trial court. TEX.R.APP.P. 170.

HECHT, J., dissents with opinion in which ENOCH, J., joins.

HECHT, Justice, dissenting.

I dissent. I would affirm the judgment of the court of appeals for the reasons stated in its opinion.