ONE 1985 CHEVROLET AUTOMOBILE VIN 1G8CS18B5F8236635, Appellant,

v.

The STATE of Texas, State.

No. 2–93–079–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 24, 1993.

Bruce Ashworth, Arlington, for appellant.

Tim Curry, Dist. Atty., Susan Hargis, and Steve Bosser, Assts., Fort Worth, for appellee.

Before FARRIS, WEAVER and DAY, JJ.

## OPINION

FARRIS, Justice.

Appellant, Dereck Ryan Duckworth, appeals the forfeiture of a Chevrolet Blazer which law enforcement officers seized following Duckworth's arrest for burglary of a Ford Mustang. The State alleged Duckworth owned the Blazer and it was subject to forfeiture under Chapter 59 of the Texas Code of Criminal Procedure because it was used in the commission of the burglary.

On appeal, Duckworth claims there is no evidence or insufficient evidence the Blazer was used in such a manner, and he complains he timely requested, and the trial court failed to file, findings of fact and conclusions of law. Because there is no evidence the Blazer was "used in the commission of" the underlying offense, we sustain Duckworth's first point of error, reverse the trial court's judgment, and render judgment for the appellant.

It is only "contraband" that is subject to forfeiture under Chapter 59 of the Texas Code of Criminal Procedure. *One 1985 Chevrolet v. State*, 852 S.W.2d 932, 934 (Tex. 1993); TEX.CODE CRIM.PROC.ANN. art. 59.02(a) (Vernon Supp.1993). "Contraband" includes property used in the commission of any felony under Chapter 30 of the Penal Code. TEX.CODE CRIM.PROC.ANN. art. 59.01(2)(A)(ii) (Vernon Supp.1993).

In his first point of error, Duckworth complains there is no evidence the forfeited vehicle was used "in the commission of" the underlying offense so it was not "contraband" subject to forfeiture.

■ To be used in the commission of the crime, the property must be used before the offense is complete. *See id.* at 935. Generally, when each of the elements of a crime have occurred, the crime is complete. *Barnes v. State*, 824 S.W.2d 560, 562 (Tex. Crim.App.1991). The elements of burglary of a vehicle are: (1) a person; (2) without the effective consent of the owner; (3) breaks into or enters a vehicle; (4) with the intent to commit a felony or theft. *See Washington v. State*, 603 S.W.2d 859, 859–60 (Tex.Crim.App. [Panel Op.] 1980); TEX.PENAL CODE ANN. § 30.04 (Vernon 1989). This offense is not a continuing offense for purposes of the forfeiture statute because the Penal Code does not designate it as one. *See Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156, 161 (1970).

■ Here, the Blazer was not used to commit any element of the charged offense. The fact that Duckworth and his friend probably would have used the Blazer to transport themselves after the offense if another friend had not driven off in it leaving them at the scene, is irrelevant because at that point the crime would have been completed.

We conclude the crime was completed before Duckworth and his friend fled from the Mustang and the Blazer was not used in the commission of the offense. Point of error one is sustained and the judgment is reversed. We do not consider the remaining points.

We reverse the trial court's judgment and render judgment for the appellant. Costs of appeal are assessed against the State.