IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-248-CV





SHANNON LEI GILL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 91-6000, HONORABLE PAUL R. DAVIS, JUDGE



 





PER CURIAM


 Shannon Lei Gill appeals from a summary judgment forfeiting to the State her 1989
Mazda two-door automobile, vehicle identification number 1YVGD31C1K522429. Tex. Code
Crim. Proc. Ann. art. 59.02 (West Supp. 1993). We will affirm.

 In its notice of seizure and intended forfeiture, the State alleged that the vehicle was
contraband subject to forfeiture because it had been used in the commission of felony theft. Tex.
Code Crim. Proc. Ann. art. 59.01(2)(A)(ii) (West Supp. 1993); Tex. Penal Code Ann. § 31.03
(West 1989 & Supp. 1993). Gill contends in her single point of error that the district court erred
in granting summary judgment because the State failed to establish that there was no genuine issue
of material fact as to the use of the vehicle in the manner alleged. 

 The determination of an appeal from a summary judgment is guided by these well-established principles: (1) the movant for summary judgment has the burden of showing that no
genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the nonmovant and any doubts resolved in her favor. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 The State's summary judgment proof includes affidavits from several Austin police
officers. Officers Dennis Clark and Randall Millstead state in their affidavits that they were told
by Shawn Thomas that stolen property he had received in exchange for cocaine was stored in
Gill's apartment. The officers subsequently searched the apartment with Gill's consent and found
property that had been reported stolen during three burglaries of habitations. According to
Clark's affidavit, police records indicated that this property had a reported fair market value of
$4845. Millstead's affidavit states that Gill told the officer that she used her 1989 Mazda
automobile to transport the stolen property found in her apartment.

 Officer Jack Garrett's affidavit recites that he took written statements from Gill and
Thomas following their arrests. A copy of each statement is attached to the affidavit. Tex. R.
Civ. P. 166a(f). In her written statement, Gill recounts that she learned in March 1991 that
Thomas was trading cocaine for stolen property. In April, Thomas told Gill that his apartment
was "hot" and asked if he could temporarily store the stolen property in her apartment. Gill
agreed to this, and that day she transported bags of stolen property in her Mazda from Thomas's
apartment to her own. The next day, Thomas brought more stolen goods to Gill's apartment. 
The police arrived the day after that.

 Gill argues that her statements to the police are inadmissible hearsay, citing Hill
v. Robinson, 592 S.W.2d 376, 381-82 (Tex. Civ. App.--Tyler 1979, writ ref'd n.r.e.) (statements
against penal interest not admissible in civil actions). The common-law rule on which Gill relies
has been superseded by the rules of evidence, which provide for the admission of statements
against penal interest as an exception to the hearsay rule. Tex. R. Civ. Evid. 803(24). In fact,
as admissions by a party, Gill's statements are not hearsay at all. Tex. R. Civ. Evid. 801(e)(2).

 Gill further argues that Clark's reference to Austin police department records
concerning the value of the stolen property is inadmissible hearsay. Clark's affidavit states that
the police offense reports containing the fair market value of the stolen property were made at or
near the time of the burglaries by persons with knowledge of the burglaries, that it is the regular
practice of the police department to make such reports, and that the reports were kept in the
course of the regularly conducted business activity of the department. Tex. R. Civ. Evid. 803(6). 
Gill contends that Clark was not competent to lay the predicate for the admission of the reports
as business records because he was not shown to be the custodian of the records. Rule 803(6)
provides, however, that the predicate may be laid by the custodian or other qualified witness. See
Cockrell v. Republic Mortgage Ins. Co., 817 S.W.2d 106, 112-13 (Tex. App.--Dallas 1991, no
writ). As an Austin police officer, Clark was qualified to testify to the regular business practices
of the department.

 Finally, Gill urges that there is no acceptable summary judgment proof that her
automobile was used to transport stolen property having a value of $750 or more. Gill argues that
the only evidence to that effect consists of the unsubstantiated opinions of the police officers. 
Insofar as the value of the property transported in her car is concerned, Gill contends that the
officers' affidavits are not clear, positive, and direct, are not otherwise credible and free from
contradictions and inconsistencies, and could not have been readily controverted. Tex. R. Civ.
P. 166a(c). The flaw in this argument is Gill's assumption that, in order to prove that her car was
used in the commission of felony theft, the State was required to prove that the stolen property
transported in the Mazda was worth at least $750. Under the applicable statutes, such proof was
not necessary.

 Theft is the unlawful appropriation of property with intent to deprive the owner of
the property. Tex. Penal Code Ann. § 31.03(a) (West 1989). "Appropriate" means to acquire
or otherwise exercise control over property other than real property. Tex. Penal Code Ann. §
31.01(5)(B) (West 1989). Appropriation of property is unlawful if the property is stolen and the
actor appropriates the property knowing it was stolen by another. Tex. Penal Code Ann. §
31.03(b)(2). Gill's written statement to the police is positive, unimpeached evidence that she
exercised control over stolen property knowing it was stolen by another. The only reasonable
inference that can be drawn from this evidence is that Gill appropriated the property with the
requisite intent to deprive. 

 To be "used in the commission of" theft and thus subject to forfeiture, Gill's
automobile must have been used before or during her taking of possession of the stolen property. 
One 1985 Chevrolet v. State, 852 S.W.2d 932, 935 (Tex. 1993). Again, Gill's statement to the
police demonstrates that she took possession of at least some of the stolen goods by placing them
in her car and transporting them to her apartment. Thus, the summary judgment proof is
sufficient to demonstrate as a matter of law that Gill's Mazda was used during her taking of
possession of the stolen property.

 Theft is a felony if the value of the property stolen is $750 or more. Tex. Penal
Code Ann. § 31.03(e)(4)(A) (West 1989). When amounts are stolen pursuant to one scheme or
continuing course of conduct, the conduct may be considered one offense and the amounts
aggregated in determining the grade of the offense. Tex. Penal Code Ann. § 31.09 (West 1989). 
In her statement to the police, Gill admitted that she agreed to store in her apartment the stolen
property Thomas had accepted in exchange for cocaine. There is no evidence, either direct or
circumstantial, that Gill received stolen property from any other source. Thus, the evidence
establishes that Gill took possession of the stolen property found in her apartment pursuant to a
single scheme or course of conduct. Officer Clark's affidavit and the police records on which it
is based prove that the aggregate value of the stolen property appropriated by Gill pursuant to this
scheme was $4845.

 The summary judgment proof conclusively demonstrates that Gill unlawfully
appropriated property having a value exceeding $750 with intent to deprive the owner thereof, and
that the 1989 Mazda two-door automobile that is the subject of this forfeiture proceeding was used
in the course of this unlawful appropriation. The district court did not err by concluding that no
genuine issue of material fact exists and that the State was entitled to judgment as a matter of law. 
Gill's point of error is overruled.

 The district court's judgment is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: December 8, 1993

Do Not Publish