**1991 NISSAN PICKUP, TEXAS LICENSE #1307YU, VIN #1N6SD11S6MC365674, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–94–036–CV.

Court of Appeals of Texas, Eastland.

March 16, 1995.

Bob Lindsey, Burke, Lindsey, Weeks & McDurmitt, Abilene, for appellant.

James Eidson, Nelda Williams, Crim. Dist. Atty's., Abilene, for appellee.

Before ARNOT, C.J., DICKENSON, J., and McCLOUD *, C.J., Retired.

## OPINION

ARNOT, Chief Justice.

The trial court entered judgment that the 1991 Nissan Pickup belonging to Joseph Beltran Tucker be forfeited under TEX.CODE CRIM.PRO.ANN. art. 59.01 et seq. (Vernon Supp.1995). We affirm.

In three points of error, Tucker argues that the trial court erred in finding that a substantial connection exists between the Nissan and the offense committed (possession of heroin), that the Nissan was used and intended to be used in the commission of the offense, and that the vehicle is "contraband" under Article 59.01(2)(B)(i). Under these three points, Tucker specifically argues that his Nissan is not subject to forfeiture because it was not "used in the commission" of the offense of possession of heroin and because the offense of possession is not a "con-

---

* Court of Appeals, Eastland, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

tinuing offense." See *One 1985 Chevrolet v. State,* 852 S.W.2d 932, 935 (Tex.1993).

█ In order for the State to be entitled to forfeiture, it must show probable cause for seizing the Nissan. In forfeiture proceedings, probable cause is "a reasonable belief that a 'substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'" *State v. $11,014.00,* 820 S.W.2d 783, 784 (Tex.1991); *Fifty–Six Thousand Seven Hundred Dollars in U.S. Currency v. State,* 730 S.W.2d 659 (Tex.1987). Article 59.02 provides that property that is contraband is subject to seizure and forfeiture. Contraband is defined in Article 59.01(2)(B)(i) as:

> [P]roperty of any nature, including real, personal, tangible, or intangible, that is *used or intended to be used in the commission of* any felony under Chapter 481, Health and Safety Code (Texas Controlled Substances Act). (Emphasis added)

In order to be "used in the commission" of a crime, the property must be used "before or during" the completion of the offense, unless it is a continuing offense. One 1985 Chevrolet v. State, supra at 935. The possession of .17 grams of heroin was a second degree felony under TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Supp.1995) at the time of this offense.[1]

The record and the trial court's unchallenged findings show that the Nissan was "used in the commission" of the offense. The record shows that the Nissan was registered to Tucker at an address in Irving, Texas. The Nissan was stopped for speeding in Taylor County on June 12, 1993. The officer testified that both the driver and Tucker, who was the passenger, smelled like marihuana and appeared to be intoxicated. The officer saw Tucker throw a marihuana cigarette out of the window. Tucker became increasingly nervous as the officer searched the vehicle. Under the passenger's seat, the officer found a cigarette package containing a marihuana cigarette and a blue pill, which Tucker said was Valium. The officer placed

Tucker under arrest and then searched behind the passenger's seat, where he found a bag containing diet pills, more than 1,000 Valium pills, .17 grams of heroin, and a prescription bottle with Tucker's name on it. The record shows that the Nissan was used to travel from Mexico with the drugs.

█ Tucker argues that the facts of *One 1985 Chevrolet* control because the elements of the offense of possession of heroin "were completed when they left Mexico with the drugs, long before they arrived in Taylor County." We disagree. In *One 1985 Chevrolet,* the Chevrolet was used to transport the stolen goods only after they had been delivered to the DeAlmanza house. DeAlmanza took possession of the goods at her house shortly before loading them into the Chevrolet. The court held that the Chevrolet was not subject to forfeiture because it was not "used in the commission" of the theft. The court also rejected the State's contention that theft is a "continuing offense" for purposes of forfeiture.

We hold that there is sufficient evidence from which the trial court could have found that the Nissan was used before or during the completion of the offense.[2] See A 1985 Cadillac Limousine, Owned by *Neubauer v. State,* 835 S.W.2d 822 (Tex.App.—Houston [1st Dist.] 1992, writ den'd), where the court held that the limousine was subject to forfeiture because it was used in the commission of the offense of possession of cocaine. Consequently, the State showed that probable cause existed for the forfeiture of the Nissan. The first, second, and third points of error are overruled.

The judgment of the trial court is affirmed.

---

1. As of September 1, 1994, this offense became a state jail felony.

2. Because the evidence shows that the Nissan was "used in the commission" of the offense, we need not determine whether possession is a "continuing offense."