NUMBER 13-00-029-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


ELEANOR DIXON, Appellant,



v.


THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 105th District Court of Nueces County, Texas.

__________________________________________________________________



O P I N I O N


Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Yañez



This is an appeal from a civil forfeiture proceeding under chapter 59 of the Texas Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. art. 59.02 (Vernon Supp. 2001). Following a bench trial, the trial court ordered that a 1994 Jeep
Grand Cherokee (1) be forfeited to the State. Appellant, Eleanor Dixon, filed a pro se appeal challenging the judgment. By
a single issue, she contends the trial court erred when it rejected her innocent owner defense. 

As this is a memorandum opinion not designated for publication, and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1. 

We evaluate pro se pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers. Haines
v. Kernes, 404 U.S. 519, 520 (1972); Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.-Houston [1st Dist.] 1988, no
pet.). Both the trial and appellate court must review the petition with patience and liberality to determine the merits of the
complaint. Johnson v. McAdams, 781 S.W.2d 451, 452 (Tex. App.-Houston [1st Dist.] 1990, no writ). Although we
liberally construe pro se pleadings, pro se litigants are still held to the same standards as licensed attorneys. White v.
Cole,880 S.W.2d 292, 294 (Tex. App.-Beaumont 1994, writ denied); Brown v. Tex. Employment Comm'n, 801 S.W.2d 5, 8
(Tex. App.-Houston [14th Dist.] 1990, writ denied). Pro se litigants must comply with applicable laws and procedure. In
re Estate of Dilasky, 972 S.W.2d 763, 766 (Tex. App.-Corpus Christi 1988, no pet.). We will therefore construe pro
sepleadings as liberally as possible without exempting litigants from following substantive law and rules of procedure. 

Forfeiture proceedings of seized property are civil in nature. Tex. Code Crim. Proc. Ann. art. 59.05(b) (Vernon Supp.
2001). When findings of fact and conclusions of law are neither filed nor requested, the appellate court must presume that
the trial court made all the necessary findings to support the judgment. Lassiter v. Bliss, 559 S.W.2d 353, 358 (Tex.
1977); $162,950 in Currency of the United States v. State, 911 S.W.2d 528, 529 (Tex. App.-Eastland 1995, writ denied).
We must affirm the judgment if it can be upheld on any legal theory that finds support in the evidence. $162,950 in
Currency of the United States, 911 S.W.2d at 529. 

In a forfeiture proceeding, the State must prove by a preponderance of the evidence that the property seized is contraband
and, therefore, that the property is subject to forfeiture. Tex. Code Crim. Proc. Ann. arts. 59.01(2), 59.02 (a), 59.05(b)
(Vernon Supp. 2001); $162,950 in Currency of the United States, 911 S.W.2d at 529. The State must show probable cause,
or a "reasonable belief that a substantial connection exists between the property to be forfeited and the criminal activity
defined by the statute." $18,800 in U.S. Currency v. State, 961 S.W.2d 257, 260 (Tex. App.-Houston [1st Dist.] 1997, no
writ). Where there is no direct evidence linking the seized property to illegal activity, the State must present sufficient
circumstantial evidence. $162,950 in Currency of the United States, 911 S.W.2d at 529. The State does not have to prove
that a specific crime was committed. Id. 

Property that is contraband is subject to seizure and forfeiture under chapter 59 of the Texas Code of Criminal Procedure.
See Tex. Code Crim. Proc. Ann. art. 59.01(2)(B)(i) (Vernon Supp. 2000). Contraband is defined in article 59.01(2)(B)(i) as
property of any nature, including real, personal, tangible, or intangible, that is used or intended to be used in the
commission of any felony under Chapter 481, Health and Safety Code (Texas Controlled Substances Act). (2) See id. In
order to be "used in the commission" of a crime, the property must be used "before or during" the completion of the
offense, unless it is a continuing offense. See One 1985 Chevrolet v. State, 852 S.W.2d 932, 935 (Tex.1993).

There is an "innocent owner" defense which provides an owner's interest in property may not be forfeited under chapter 59
if the owner: (1) acquired and perfected her interest before or during the act giving rise to the forfeiture; and (2) did not
know or should not reasonably have known of the act giving rise to the forfeiture or that it was likely to occur at or before
the time of acquiring and perfecting the interest. Tex. Code Crim. Proc. Ann. art. 59.02(c) (Vernon Supp. 2001). The
claimant making the innocent owner defense has the burden to prove it. $18,800 in U.S. Currency v. State, 961 S.W.2d
257, 260 (Tex. App.-Houston [1st Dist.] 1997, no writ). 

To establish the first prong of the innocent owner defense, Dixon must prove that she acquired and perfected her ownership
interest in the vehicle before or during the act giving rise to the forfeiture. See id. Here, the record reveals that the act
giving rise to the forfeiture--the use of the vehicle to facilitate the delivery of approximately 50.6 grams of crack cocaine to
an undercover agent--occurred on July 13, 1999. Appellant testified that at the time of the seizure, title to the vehicle was
not in her name. The record shows that appellant attempted to transfer title on July 14, 1999 by submitting an application
for transfer of title. We agree with the trial court that appellant failed to present record evidence establishing that she had
an ownership interest in the vehicle prior to July 13, 1999. 

We have reviewed the entire record and conclude that Dixon failed to establish her innocent owner defense. We affirm the
judgment of the trial court. 



 

LINDA REYNA YAÑEZ

Justice







Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

31st day of August, 2001.

1. The vehicle is described in the judgment as a 1994 Jeep Grand Cherokee VIN#1J4FX58SXRC301504.

2. Tex. Health & Safety Code Ann. §§ 481.001-204 (Vernon 1992 & Supp. 2001).