COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-307-CV
  
   
$10,052.00 
IN U.S. CURRENCY                                              APPELLANT
   
V.
   
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is an appeal from a civil forfeiture proceeding under Tex. Code Crim. Proc. Ann. ch. 59 
(Vernon 2005).  The trial court ordered that $10,000 in U.S. currency 
belonging to Appellant Kevin A. Hilderbrand be forfeited; $5,000 to the City of 
North Richland Hills Police Department and $5,000 to the Tarrant County Criminal 
District Attorney’s Law Enforcement Fund.  The trial court also ordered 
that $52 should be returned to Appellant.  In one issue, Appellant argues 
that his $10,000 was not contraband under the forfeiture statute because there 
was no completed offense of theft and there was no use or intended use in a 
theft involving the state medicaid program.[2]  
We will affirm.
        Forfeiture 
proceedings of seized property are civil in nature.  See Tex. Code Crim. Proc. Ann. art. 
59.05.  Where, as in this case, findings of fact and conclusions of law are 
neither filed nor requested, the appellate court must presume that the trial 
court made all the necessary findings to support the judgment.  $162,950 
in Currency of the United States v. State, 911 S.W.2d 528, 529 (Tex. 
App.—Eastland 1995, writ denied).  We must affirm the judgment if it can 
be upheld on any legal theory that finds support in the evidence.  Id.
        In 
determining a “no evidence” issue, we are to consider only the evidence and 
inferences that tend to support the finding of the disputed fact and disregard 
all evidence and inferences to the contrary.  Bradford v. Vento, 48 
S.W.3d 749, 754 (Tex. 2001); Cont’l Coffee Prods. Co. v. Cazarez, 937 
S.W.2d 444, 450 (Tex. 1996); In re King's Estate, 150 Tex. 662, 244 
S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is 
legally sufficient to support the finding.  Cont’l Coffee, 937 
S.W.2d at 450; Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996).  
More than a scintilla of evidence exists if the evidence furnishes some 
reasonable basis for differing conclusions by reasonable minds about the 
existence of a vital fact.  Rocor Int’l, Inc. v. Nat’l Union Fire 
Ins. Co., 77 S.W.3d 253, 262 (Tex. 2002).
        In 
a forfeiture proceeding, the State must prove by a preponderance of the evidence 
that the property seized is contraband and, therefore, that the property is 
subject to forfeiture.  Tex. Code 
Crim. Proc. Ann. arts. 59.02(a), 59.05(b); $162,950 in Currency of the 
United States, 911 S.W.2d at 529.  Contraband, such as currency that is 
used or intended to be used in the commission of a felony, is subject to seizure 
and forfeiture under article 59.02 of the code of criminal procedure.  Tex. Code Crim. Proc. Ann. art. 
59.02.  However, the State does not have to prove that a specific crime was 
committed.  Spurs v. State, 850 S.W.2d 611, 613 (Tex. App.—Tyler 
1993, writ denied); $162,950 in Currency of the United States, 911 S.W.2d 
at 529.
        The 
statute defines contraband as “property of any nature, including real, 
personal, tangible, or intangible, that is:
  
(A)   used in the commission of:
                (i)     any 
first or second degree felony under the Penal Code;
                (ii)    any 
felony under Section 15.031(b), 21.11, 38.04, Subchapter B of Chapter 43, or 
Chapter 29, 30, 31, 32, 33, 33A, or 35, Penal Code; or
                (iii)    any 
felony under The Securities Act (Article 581-1 et seq., Vernon’s Texas Civil 
Statutes);
         (B)    used 
or intended to be used in the commission of:
                (i)     any 
felony under Chapter 481, Health and Safety Code (Texas Controlled Substances 
Act);
                (ii)    any 
felony under Chapter 483, Health and Safety Code;
                (iii)    a 
felony under Chapter 153, Finance Code;
                (iv)    any 
felony under Chapter 34, Penal Code;
                (v)    a 
Class A misdemeanor under Subchapter B, Chapter 365, Health and Safety Code [n. 
omitted], if the defendant has been previously convicted twice of an offense 
under that subchapter;
                (vi)    any 
felony under Chapter 152, Finance Code; or
                (vii)   any 
felony under Chapter 31, 32, or 37, Penal Code, that involves the state Medicaid 
program, or any felony under Chapter 36, Human Resources Code.
 
Tex. Code Crim. Proc. Ann. art. 
59.01.  The State must prove that there is a substantial connection or 
nexus between the property and the illegal activity.  Fifty-Six Thousand 
Seven Hundred Dollars in United States Currency v. State, 730 S.W.2d 659, 
661 (Tex. 1987).  The State has the burden to prove by a preponderance of 
the evidence that the property is subject to forfeiture.  Tex. Code Crim. Proc. Ann. art. 
59.05(b).  This is accomplished when the State proves that it is more 
reasonably probable than not that the seized currency was either intended for 
use in, or derived from, a violation of the offenses listed in the forfeiture 
statute.  $22,922.00 v. State, 853 S.W.2d 99, 101 (Tex. 
App.—Houston [14th Dist.] 1993, writ denied).  One category of offenses 
listed in the forfeiture statute includes theft violations.  Tex. Code Crim. Proc. Ann. art. 
59.01(2)(A)(ii); Tex. Penal Code Ann. 
§§ 31.01, 31.03.  The court may draw any and all reasonable inferences 
from the circumstances shown by the evidence. Three Thousand Four Hundred 
Fifty Dollars in United States Currency v. State, 743 S.W.2d 759, 762 (Tex. 
App.—El Paso 1988, writ denied).
        Whether 
property qualifies as contraband depends on the events as they occurred in this 
particular case.  Detective R. Scott, an officer with the North Richland 
Hills Police Department, placed an advertisement in the newspaper regarding the 
sale of a New Holland backhoe for $10,000 cash.  Mr. Colston, responded to 
the ad and inquired about the advertised price being below the $45,000 MSRP.  
Detective Scott informed Colston that the backhoe was stolen.  The two 
decided to meet on May 2, 2003, in the Home Depot parking lot located at 6500 
Westbound Loop 820.  Appellant and Colston met with Detective Scott for the 
first of two face-to-face meetings to discuss the sale of the backhoe.  
Appellant and Colston inspected the backhoe, and Appellant offered to pay by 
check for the purchase; Detective Scott insisted that the payment be in 
cash.  Appellant and Colston left to obtain the $10,000 cash.  Upon 
Appellant and Colston’s return to the Home Depot parking lot, Appellant showed 
the $10,000 in cash to Detective Scott.  The record included testimony that 
the cash was in a white envelope and still had money straps on it.  
Detective Scott stated that during his conversation with Appellant and Colston, 
he told them that he did not have any manuals for the backhoe because it was 
stolen.  Thereafter, police arrested Appellant.  He was charged with 
theft between $20,000-$100,000. In its Notice of Seizure and Intended 
Forfeiture, the State alleged that the $10,052 was contraband and claimed that 
the money was used in the commission of a felony under Chapters 31 and 34 of the 
Texas Penal Code.
        In 
his sole issue, Appellant argues that because he pled guilty to attempted theft, 
the $10,000 does not constitute “contraband” under the forfeiture 
statute.  The State contends that Appellant intentionally, with the 
specific intent to commit the offense of theft, did obtain, produce, and display 
to a law enforcement agent the agreed upon $10,000.  Furthermore, he did so 
in furtherance of his scheme to appropriate a backhoe tractor that was 
explicitly represented to him by a law enforcement agent as being stolen.
        To 
be used in the commission of the crime, the property must be used before the 
offense is complete.  One 1985 Chevrolet Automobile Vin 
1G8CS18B5F8236635 v. State, 865 S.W.2d 632, 633 (Tex. App.—Fort Worth 
1993, no writ).  Here, in order for the State to meet its burden, it was 
not necessary to prove that a specific crime was committed, but rather it had to 
establish a link or nexus between the property to be forfeited and the criminal 
activity by showing that it was more reasonably probable than not that the 
property was used or intended for use in violation of the forfeiture 
statute.  We hold that the State met its burden by showing that Appellant 
used the $10,000 to further his criminal undertaking to appropriate the stolen 
backhoe.  Appellant’s argument that because he pled guilty to 
“attempted theft” rather than “theft” as charged makes the $10,000 
incapable of being classified as contraband is without merit.  The fact 
that Appellant pled guilty to “attempted theft” rather than the offense of 
“theft” has no bearing on whether the $10,000 can be classified as 
contraband.  The forfeiture statute does not require a final conviction of 
an underlying felony.  Tex. Code 
Crim. Proc. Ann. art. 59.05(d).  Here, Appellant was charged with an 
enumerated offense of the forfeiture statute. Appellant was given notice to the 
underlying felony, theft, that justified seizure of his $10,000 and the State 
met its burden by establishing a link or nexus between the money and the theft 
of the backhoe.
        We 
hold there was legally sufficient evidence to support the trial court’s 
implied finding that the $10,000 was contraband within the meaning of article 
59.01(2).  We overrule Appellant’s sole issue and affirm the trial 
court’s judgment.
    
                                                                  PER 
CURIAM
  
  
  
PANEL 
A: HOLMAN, J.; CAYCE, C.J.; and SAM J. DAY, J. (Retired, Sitting by Assignment)
 
DELIVERED: 
June 30, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant phrases his issue to complain that the $10,000 “was not 
‘contraband’” as defined by article 59.01(2).  He requests this court 
reverse the trial court’s judgment and render judgment returning the $10,000 
to him.  Liberally construing Appellant’s issue in light of his argument 
and requested relief, see Tex. R. 
App. P. 38.9, it is apparent that Appellant has raised a legal 
sufficiency challenge to the trial court’s implied finding that the $10,000 
was contraband as defined by article 59.01(2).