$10,052 IN U.S. CURRENCY v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-307-CV

$10,052.00 IN U.S. CURRENCY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from a civil forfeiture proceeding under 
Tex. Code Crim. Proc. Ann. 
ch. 59 (Vernon 2005).  The trial court ordered that $10,000 in U.S. currency belonging to Appellant Kevin A. Hilderbrand be forfeited; $5,000 to the City of North Richland Hills Police Department and $5,000 to the Tarrant County Criminal District Attorney’s Law Enforcement Fund.  The trial court also ordered that $52 should be returned to Appellant.  In one issue, Appellant argues that his $10,000 was not contraband under the forfeiture statute because there was no completed offense of theft and there was no use or intended use in a theft involving the state medicaid program.
(footnote: 2)  We will affirm. 

Forfeiture proceedings of seized property are civil in nature.  
See
 
Tex. Code Crim. Proc. Ann
. art. 59.05.  Where, as in this case, findings of fact and conclusions of law are neither filed nor requested, the appellate court must presume that the trial court made all the necessary findings to support the judgment.  
$162,950 in Currency of the United States v. State
, 911 S.W.2d 528, 529 (Tex. App.—Eastland 1995, writ denied).  We must affirm the judgment if it can be upheld on any legal theory that finds support in the evidence.  
Id
.

In determining a “no evidence” issue, we are to consider only the evidence and inferences that tend to support the finding of the disputed fact and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez
, 937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cont’l Coffee
, 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact.  
Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002).

In a forfeiture proceeding, the State must prove by a preponderance of the evidence that the property seized is contraband and, therefore, that the property is subject to forfeiture.  
Tex. Code Crim. Proc. Ann
. arts. 59.02(a), 59.05(b); 
$162,950 in Currency of the United States
, 911 S.W.2d at 529.  Contraband, such as currency that is used or intended to be used in the commission of a felony, is subject to seizure and forfeiture under article 59.02 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann
. art. 59.02.  However, the State does not have to prove that a specific crime was committed.  
Spurs v. State, 
850 S.W.2d 611, 613 (Tex. App.—Tyler 1993, writ denied); 
$162,950 in Currency of the United States
, 911 S.W.2d at 529. 

The statute defines contraband as “property of any nature, including real, personal, tangible, or intangible, that is:

(A) used in the commission of:

(i) any first or second degree felony under the Penal Code;

(ii) any felony under Section 15.031(b), 21.11, 38.04, Subchapter B of Chapter 43, or Chapter 29, 30, 31, 32, 33, 33A, or 35, Penal Code; or

(iii) any felony under The Securities Act (Article 581-1 et seq., Vernon’s Texas Civil Statutes);

(B) used or intended to be used in the commission of:

(i) any felony under Chapter 481, Health and Safety Code (Texas Controlled Substances Act);

(ii) any felony under Chapter 483, Health and Safety Code;

(iii) a felony under Chapter 153, Finance Code;

(iv) any felony under Chapter 34, Penal Code;

(v) a Class A misdemeanor under Subchapter B, Chapter 365, Health and Safety Code [n. omitted], if the defendant has been previously convicted twice of an offense under that subchapter;

(vi) any felony under Chapter 152, Finance Code; or

(vii) any felony under Chapter 31, 32, or 37, Penal Code, that involves the state Medicaid program, or any felony under Chapter 36, Human Resources Code.

Tex. Code Crim. Proc. Ann
. art. 59.01.  The State must prove that there is a substantial connection or nexus between the property and the illegal activity.  
Fifty-Six Thousand Seven Hundred Dollars in United States Currency v. State
,  730 S.W.2d 659, 661 (Tex. 1987).  The State has the burden to prove by a preponderance of the evidence that the property is subject to forfeiture.  
Tex. Code Crim. Proc. Ann
. art. 59.05(b).  This is accomplished when the State proves that it is more reasonably probable than not that the seized currency was either intended for use in, or derived from, a violation of the offenses listed in the forfeiture statute.  
$22,922.00 v. State
, 853 S.W.2d 99, 101 (Tex. App.—Houston [14th Dist.] 1993, writ denied).  One category of offenses listed in the forfeiture statute includes theft violations.  
Tex. Code Crim. Proc. Ann
. art. 59.01(2)(A)(ii); 
Tex. Penal Code Ann
. §§ 31.01, 31.03.  The court may draw any and all reasonable inferences from the circumstances shown by the evidence.  
Three Thousand Four Hundred Fifty Dollars in United States Currency v. State
, 743 S.W.2d 759, 762 (Tex. App.—El Paso 1988, writ denied).

Whether property qualifies as contraband depends on the events as they occurred in this particular case.  Detective R. Scott, an officer with the North Richland Hills Police Department, placed an advertisement in the newspaper regarding the sale of a New Holland backhoe for $10,000 cash.  Mr. Colston, responded to the ad and inquired about the advertised price being below the $45,000 MSRP.  Detective Scott informed Colston that the backhoe was stolen.  The two decided to meet on May 2, 2003, in the Home Depot parking lot located at 6500 Westbound Loop 820.  Appellant and Colston met with Detective Scott for the first of two face-to-face meetings to discuss the sale of the backhoe.  Appellant and Colston inspected the backhoe, and Appellant offered to pay by check for the purchase; Detective Scott insisted that the payment be in cash.  Appellant and Colston left to obtain the $10,000 cash.  Upon Appellant and Colston’s return to the Home Depot parking lot, Appellant showed the $10,000 in cash to Detective Scott.  The record included testimony that the cash was in a white envelope and still had money straps on it.  Detective Scott stated that during his conversation with Appellant and Colston, he told them that he did not have any manuals for the backhoe because it was stolen.  Thereafter, police arrested Appellant.  He was charged with theft between $20,000-$100,000.  In its Notice of Seizure and Intended Forfeiture, the State alleged that the $10,052 was contraband and claimed that the money was used in the commission of a felony under Chapters 31 and 34 of the Texas Penal Code.

In his sole issue, Appellant argues that because he pled guilty to attempted theft, the $10,000 does not constitute “contraband” under the forfeiture statute.  The State contends that Appellant intentionally, with the specific intent to commit the offense of theft, did obtain, produce, and display to a law enforcement agent the agreed upon $10,000.  Furthermore, he did so in furtherance of his scheme to appropriate a backhoe tractor that was explicitly represented to him by a law enforcement agent as being stolen.  

To be used in the commission of the crime, the property must be used before the offense is complete.  
One 1985 Chevrolet Automobile Vin 1G8CS18B5F8236635 v. State
, 865 S.W.2d 632, 633 (Tex. App.—Fort Worth 1993, no writ).  Here, in order for the State to meet its burden, it was not necessary to prove that a specific crime was committed, but rather it had to establish a link or nexus between the property to be forfeited and the criminal activity by showing that it was more reasonably probable than not that the property was used or intended for use in violation of the forfeiture statute.  We hold that the State met its burden by showing that Appellant used the $10,000 to further his criminal undertaking to appropriate the stolen backhoe.  Appellant’s argument that because he pled guilty to “attempted theft” rather than “theft” as charged makes the $10,000 incapable of being classified as contraband is without merit.  The fact that Appellant pled guilty to “attempted theft” rather than the offense of “theft” has no bearing on whether the $10,000 can be classified as contraband.  The forfeiture statute does not require a final conviction of an underlying felony.  
Tex. Code Crim. Proc. Ann
. art. 59.05(d).  Here, Appellant was charged with an enumerated offense of the forfeiture statute.  Appellant was given notice to the underlying felony, theft, that justified seizure of his $10,000 and the State met its burden by establishing a link or nexus between the money and the theft of the backhoe.   We hold there was legally sufficient evidence to support the trial court’s implied finding that the $10,000 was contraband within the meaning of article 59.01(2).  We overrule Appellant’s sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, J.; CAYCE, C.J.; and SAM J. DAY, J. (Retired, Sitting by Assignment)

DELIVERED:  June 30, 2005

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
Appellant phrases his issue to complain that the $10,000 “was not ‘contraband’” as defined by article 59.01(2).  He requests this court reverse the trial court’s judgment and render judgment returning the $10,000 to him.  Liberally construing Appellant’s issue in light of his argument and requested relief, 
see
 
Tex. R. App. P.
 38.9, it is apparent that Appellant has raised a legal sufficiency challenge to the trial court’s implied finding that the $10,000 was contraband as defined by article 59.01(2).