**Opinion filed August 31, 2016**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-15-00263-CV

_____

## A RED 2007 FORD F150 TEXAS LICENSE CVZ4082 VIN# 1FTRX12W87FB53968, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 25911-B**

## M E M O R A N D U M   O P I N I O N

Kelly P. Amos appeals from a judgment in which the trial court declared his red 2007 Ford pickup to be contraband[1] and granted the forfeiture[2] of the pickup to

---

[1]TEX. CODE CRIM. PROC. ANN. art. 59.01(2)(A)(ii) (West Supp. 2016).

[2]*Id.* art. 59.02.

the State of Texas. Amos asserts four issues on appeal: (1) "Unserved Petition"; (2) "Vagueness"; (3) "District Clerk's Refusal of Service"; and (4) "Unfair Hearing." We affirm.

I. *Background Facts*

James A. Davis, an officer with the Abilene Police Department, testified that, sometime after midnight on the date of the offense, he was dispatched to an alarm call at Lackey Energy Services on Energy Drive. Officer Davis noticed a pickup pulling a trailer and leaving the area of Lackey Energy. Officer Davis stopped the pickup and made contact with Amos, the driver of the pickup. Amos appeared to be slightly intoxicated, and Officer Davis detained him. When the officers went to investigate the alarm, they found that the gate to Lackey Energy had been cut and that the lock on a storage cage where tires were stored had also been cut.

Officer Davis searched the area for possible suspects. Officer Davis ran the plates on the trailer and discovered that the trailer was registered to Lackey Energy. Officer Davis discovered other items in the bed of the pickup. Lackey Energy's representative arrived and identified not only the trailer, but also items that were in the pickup bed, as belonging to that business.

When Officer Davis questioned Amos about the ownership of the items, Amos claimed that the items were his and produced a receipt for some recently purchased tires, which did not match the tires in the bed of the pickup. Officer Davis arrested Amos.

Anthony Joeris, a detective in the Crimes Against Property Division of the Abilene Police Department, testified that he subsequently interviewed Amos about the events of that night. During the interview, Amos stated that he had been drinking at a bar when a young man offered to drive Amos's pickup and take Amos to a local motel. Amos said that he fell asleep during the ride and that he woke up in a parking

lot and saw a "security officer" coming his way. The police stopped Amos just after he left the parking lot.

## II. *Procedural History*

The State of Texas filed the notice of seizure and Detective Joeris's affidavit about Amos's use of the pickup in the theft. Amos received the notice of seizure for his pickup and filed an answer. However, he did not ask to be present at the forfeiture hearing. After the hearing, the trial court found the pickup to be contraband and ordered that it be forfeited to the State. Amos filed a motion for new trial, which the trial court granted. After another hearing, at which Amos appeared by telephone, the trial court declared Amos's red 2007 Ford pickup to be contraband and granted the forfeiture of the pickup to the State of Texas.

## III. *Issues Presented*

In his first issue, Amos claims that the State failed to diligently serve him with a "perfected" petition of seizure and failed to exercise reasonable diligence in requesting a hearing. In his second issue, Amos claims that the evidence was insufficient to establish the completeness of the theft, that the forfeiture was excessive, and that the State withheld evidence. In his third issue, Amos asserts that the district clerk caused delay of service, which caused him harm and violated his constitutional rights. In his fourth issue, Amos argues that the "telephone hearing" was unfair and that the trial court was unreasonable when it denied his motion for discovery.

## IV. *Discussion and Analysis*

We will first address those parts of Issues One through Four in which Amos failed to preserve error and those parts of Issues Two through Four in which Amos inadequately briefed issues that were preserved. We will then address the sufficiency arguments that Amos advances in his second issue.

A. *Issues One through Four*:  *Amos failed to preserve parts of these issues in the trial court.*

In his first issue, Amos complains that the State failed to serve him with a "perfected" petition and to use reasonable diligence to request a hearing.  In his second, third, and fourth issues, Amos asserts that his constitutional rights against excessive fines, to a fair trial, and to due process were violated.  Rule 33.1 of the Texas Rules of Appellate Procedure requires, for preservation of a complaint for appellate review, that the record show:

>  (1) "the complaint was made to the trial court by a timely request, objection, or motion";
>
>  (2) "sufficient specificity to make the trial court aware of the complaint"; and
>
>  (3) compliance with "the Texas Rules of . . . Evidence or the Texas Rules of Civil or Appellate Procedure."

TEX. R. APP. P. 33.1(a)(1).  "[W]e will not review claims not raised below or presented for appeal."  *See Nabelek v. Bradford*, 228 S.W.3d 715, 717 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).  As to his first issue, nothing in the record indicates that the notice of seizure was in fact changed.  Furthermore, Amos did not complain in the trial court about the State's diligence in requesting a hearing.  *See* TEX. R. APP. P. 33.1(a)(1)(A).  In his second, third, and fourth issues, Amos failed to make a sufficiently specific request, objection, or motion to inform the trial court of his complaints.  *See id.*  A constitutional claim can be waived if it is not presented to the trial court.  *See Hernandez v. State Bar of Tex.*, 812 S.W.2d 75, 78 (Tex. App.—Corpus Christi 1991, no writ).  We overrule both parts of Issues One and Issues Two through Four because Amos failed to preserve them for review.

B. *Issues Two through Four: Amos failed to adequately brief parts of these issues on appeal.*

In his second issue, Amos failed to provide any appropriate argument or authorities to support his contention that the State withheld evidence. *See* TEX. R. APP. P. 38.1(h), (i). In his third issue, Amos failed to provide any argument or authority or cite to any evidence in the record to show that the district clerk delayed service of process. *See id.* In his fourth issue, Amos failed to provide any relevant argument or authority to support his contention that the trial court unreasonably denied his motion for discovery. *See id.* Although we liberally construe pro se briefs, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

Rule 38 also requires that an appellant provide us with such discussion of the facts and the authorities relied upon as may be necessary to maintain the point at issue. *See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). In his brief, Amos provides no citations to the record, which is required for the statement of the case, the statement of facts, and the argument. *See* TEX. R. APP. P. 38.1(d), (g), (i). Amos's statement of facts was contradicted by the evidence referenced by the State in this case. *See id.* at 38.1(g). Because Amos has inadequately briefed these parts of Issue Two and the remainder of Issues Three and Four, that part of Issue Two and the remainder of Issues Three and Four are overruled.

C. *Issue Two (Sufficiency): The State adduced sufficient evidence that the pickup was contraband and subject to forfeiture.*

Amos asserts in the last part of his second issue that the evidence was insufficient to prove that he used his pickup during the commission of the theft. Amos relies on *One 1985 Chevrolet v. State* to argue that the theft was completed

the moment that the owner was deprived of his property; therefore, Amos did not use the pickup in the commission of a theft because Amos was stopped "down the street." *See One 1985 Chevrolet v. State*, 852 S.W.2d 932, 935 (Tex. 1993) (holding that theft is not a continuing offense for the purposes of civil forfeiture); *see also* CRIM. PROC. art. 59.01(2)(A)(ii); TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2016). As we explain below, we disagree with Amos that there was insufficient evidence to prove that he used the pickup in the commission of the theft.

### 1. Standard of Review

The trial court's findings of fact have the same weight as a jury's verdict; we review the legal and factual sufficiency of the evidence used to support them just as we would review a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). For a legal sufficiency review, we review the evidence in a light that supports the disputed finding and disregard all evidence and inferences to the contrary. *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex. 2001). If more than a scintilla of evidence supports the challenged finding, the challenge must fail. *See Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003); *Gen. Motors Corp. v. Sanchez*, 997 S.W.2d 584, 588 (Tex. 1999). For a factual sufficiency review, we examine all the evidence in the record, both for and against the lower court's findings. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). We must consider and weigh all such evidence in a neutral light. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). When the trial court sits as the factfinder, it is the sole judge of the witnesses' credibility, and it may believe one witness over another; a reviewing court may not impose its own opinion to the contrary. *Id.* at 761; *see City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). When we consider and weigh the evidence, we will set aside the judgment only if it is so

contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

### 2. Applicable Law

Forfeiture proceedings are civil in nature. *See* CRIM. PROC. art. 59.05(a), (b) (West 2006). The State must prove by a preponderance of the evidence that probable cause existed for seizure, that the property is contraband, and that it is subject to forfeiture.[3] *See id.* arts. 59.02(a), 59.05(b); *Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987) (citing TEX. CONST. art. I, § 9). To establish probable cause in civil forfeitures, the State must show "a reasonable belief that 'a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'" *Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency*, 730 S.W.2d at 661 (quoting *United States v. Three Hundred Sixty-Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in U.S. Currency*, 661 F.2d 319, 323 (5th Cir. 1981)). "'Contraband' means property of any nature, including real, personal, tangible, or intangible, that is . . . used in the commission of . . . any felony under" Chapter 31 of the Texas Penal Code. CRIM. PROC. art. 59.01(2)(A)(ii); *see* PENAL § 31.03.

### 3. Analysis

In *One 1985 Chevrolet*, the defendant was conducting a fencing operation out of her home. 852 S.W.2d at 933. She would then use her vehicle to transport stolen items for resale. *Id.* The Supreme Court of Texas held that the vehicle was not subject to forfeiture under Chapter 59 because the theft was completed before the defendant loaded her vehicle. *Id.* Unlike *One 1985 Chevrolet*, Officer Davis's testimony in the present case that a person was not physically able to pick up and

---

[3]Appellant does not challenge the State's probable cause for the traffic stop, just the connection between the pickup and the theft.

walk away with all the stolen items rebuts the theft being completed before the pickup was used. *See 1991 Nissan Pickup, Tex. License #1307YU, VIN #1N6SD11S6MC365674 v. State*, 896 S.W.2d 344, 345 (Tex. App.—Eastland 1995, no writ) (holding that a vehicle was subject to forfeiture because the owner, charged with possession of heroin, had used the vehicle to purchase and transport the heroin). Therefore, we hold that there was legally and factually sufficient evidence from which the trial court could have found that Amos's pickup was used before or during the commission of the theft. *See id.* We overrule the final part of Appellant's second issue.

V. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON
JUSTICE

August 31, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.